**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
JACK FITZGERALD (257370)
*jack@westonfirm.com*
MELANIE PERSINGER (275423)
*mel@westonfirm.com*
PAUL K. JOSEPH (287057)
*paul@westonfirm.com*
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone: (619) 798-2006
Facsimile: (480) 247-4553

**Counsel for Plaintiffs and the
Proposed Class**

**LAW OFFICES OF RONALD
A. MARRON, APLC**
RONALD A. MARRON (175650)
*ron@consumersadvocates.com*
SKYE RESENDES (278511)
*skye@consumersadvocates.com*
ALEXIS M. WOOD (270200)
*alexis@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

FILED
2013 AUG 14 PM 1:41
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
BY: ___

FILED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ORTEGA and TROY LAMBERT on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>NATURAL BALANCE INC., a Delaware Corporation, and NUTRACEUTICAL INTERNATIONAL CORPORATION, a Delaware Corporation.<br><br>Defendants. | Case No:  **CV 13 - 05942 ABC (Ex)**<br><br>CLASS ACTION<br>**COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S:**<br><br>**UNFAIR COMPETITION LAW;**<br><br>**FALSE ADVERTISING LAW; AND**<br><br>**CONSUMER LEGAL REMEDIES ACT**<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW,
FALSE ADVERTISING LAW, AND CONSUMER LEGAL REMEDIES ACT

Plaintiffs Frank Ortega and Troy Lambert, on behalf of themselves, all others similarly situated, and the general public, through undersigned counsel, sue Defendants Natural Balance, Inc. ("NBI") and Nutraceutical International Corporation ("NIC") and, upon information and belief and investigation of counsel, alleges as follows:

## INTRODUCTION

1.    NBI and NIC falsely market their dietary supplement "Cobra Sexual Energy" ("Cobra" or the "Product") as having beneficial health properties and being scientifically formulated to improve virility, despite a lack of scientific evidence to support these claims.

2.    Plaintiffs Frank Ortega and Troy Lambert paid for Cobra during the Class Period defined herein, saw and believed these claims, and were damaged as a result.

3.    Plaintiffs bring this action challenging NBI and NIC's claims relating to Cobra on behalf of themselves and all others similarly situated, under California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act.

4.    Plaintiffs seek an order compelling NBI and NIC to (1) cease marketing Cobra using the misleading tactics complained of herein, (2) conduct a corrective advertising campaign, (3) restore the amounts by which NBI and NIC have been unjustly enriched, (4) destroy all misleading and deceptive materials, and for (5) damages and punitive damages as allowed by law.

## JURISDICTION AND VENUE

5.    This Court has original jurisdiction under 28 U.S.C. §1332(d)(2) (The Class Action Fairness Act) because the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs and more than two-thirds of the members of the Class reside in states other than the state of which Defendants are citizens.

6.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because Plaintiffs reside in this District; have suffered and continue to suffer injuries as a result of Defendants' acts in this district; many of the acts and transactions giving rise to this

action occurred in this district; and because NBI and NIC are authorized to conduct business in this District, and have intentionally availed themselves of the laws and markets of this District through the promotion, marketing, distribution, and sale of its Product in this District, and are subject to personal jurisdiction in this District.

## PARTIES

7.     Defendant NBI is a Delaware corporation with its principal place of business in Englewood, Colorado, and is the producer and manufacturer of Cobra.

8.     Defendant NIC is a publicly traded Delaware Corporation and the international parent company of NBI.

9.     Plaintiff Frank Ortega is a resident of California and purchased Cobra for his own and household use and not for resale in California during the Class Period defined herein.

10.    Plaintiff Troy Lambert is a resident of Long Beach, California and purchased Cobra for his own and household use and not for resale in California during the Class Period defined herein.

## FACTUAL ALLEGATIONS

11.    In or around May 2011 through December 2011, Plaintiff Frank Ortega purchased Cobra from CVS in Reseda, Los Angeles County, California and from Rite-Aid and Target stores located in Northridge, California. The cost was approximately $16-$17 per bottle.

12.    Mr. Ortega first discovered Defendants' unlawful acts described herein in December 2012, when he learned that the Defendants' Product violates the FDCA and its implementing regulations and that the labels were untrue and/or misleading.

13.    Plaintiff Troy Lambert purchased Cobra from the Rite-Aid located at 300 East Willow Street in Long Beach, California approximately ten times. His most recent purchase was in November 2012. The cost was approximately $16-17 per bottle.

14.    Mr. Lambert first discovered Defendants' unlawful acts described herein in

COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW, FALSE ADVERTISING LAW, AND CONSUMER LEGAL REMEDIES ACT

January 2013, when he learned that the Defendants' Product violates the Federal Food, Drug and Cosmetic Act ("FDCA") and its implementing regulations and that the labels were untrue and/or misleading.

15.    Plaintiffs, in the exercise of reasonable diligence, could not have discovered earlier Defendants' unlawful acts described herein because the violations were known to Defendants, and not to them, throughout the Class Period defined herein.  Plaintiffs are not nutritionists, food experts, or food scientists, but rather lay consumers who did not have the specialized knowledge that Defendants had.

16.    Throughout the Class Period, Defendants have used various methods to represent the purported medicinal, healthful, and/or beneficial qualities of Cobra. Such representations and claims, however, are unsubstantiated by scientific evidence and are false or misleading.

17.    Absent the misstatements and fraudulent claims described herein, Plaintiffs would not have purchased Cobra.

**The Composition of Cobra**

18.    Defendants' product Cobra primarily consists of a "proprietary blend" of small amounts of extracts from herbs, roots, and other organic substances, some of which are purported to have an effect on the human body.

19.    Cobra, by means of its "proprietary blend," claims to increase "sexual energy" in the human body.

20.    None of the ingredients in Cobra, however, have ever been found by any scientific human study to increase sexual energy.

21.    While a few unreplicated scientific studies suggest ingredients in Defendants' proprietary blend may, in necessary amounts, have benefits to sufferers of certain specific conditions, many of the ingredients in Cobra appear to have never been studied at all or have not otherwise been shown to have any effect on the human body, much less to increase "sexual energy."

3

22.     Further, consuming such random herbs and herbal extracts presents a risk of an allergic or other adverse reaction without any offsetting benefit.

**Cobra's Yohimbe Content Poses Grave and Undisclosed Risks to Human Health**

23.     Yohimbe extracts in Cobra present several added risks not stated on Defendants' label:

24.     The National Institute of Health ("NIH") strongly cautions that sufferers of anxiety and/or depression should not use yohimbe: "Yohimbe might bring out manic-like symptoms in people with bipolar disorder or suicidal tendencies in individuals with depression."[1]

25.     The NIH further warns against yohimbe for use by individuals suffering from diabetes, because the substance may "interfere with insulin and other medications used for diabetes and cause low blood sugar." *Id.*

26.     Like early antidepressant drugs, yohimbe extracts can lead to serious and in some cases life-threatening conditions when ingested with any of the many foods containing significant amounts of the monoamine tyramine.

27.     Both yohimbe and these first generation antidepressants are referred to as Monoamine Oxidase Inhibitors ("MAOIs").

28.     MAOIs, by inhibiting monoamine oxidase, are also responsible for the reduction in the breakdown of tyramine, an amino acid in many foods. The retarding of this process by MAOIs leads to a build-up of tyramine in the body, causing high blood pressure and severe hypertension.

29.     The dangerous combination of MAOIs and tyramine can also result in stroke and cardiac arrhythmia.

30.     As a result, those prescribed MAOIs are warned to avoid these and other

---

[1]The National Institute of Health, *Yohimbe*
http://www.nlm.nih.gov/medlineplus/druginfo/natural/759.html (last visited June 4, 2013).

types of tyramine-heavy foods.

31.     This warning, from the National Institute of Health U.S. Library of Medicine, is typical:

> You may experience a serious reaction if you eat foods that are high in tyramine during your treatment with phenelzine [an MAOI, brand name: "Nardil"]. Tyramine is found in many foods, including meat, poultry, fish, or cheese that has been smoked, aged, improperly stored, or spoiled; certain fruits, vegetables, and beans; alcoholic beverages; and yeast products that have fermented. Your doctor or dietitian will tell you which foods you must avoid completely, and which foods you may eat in small amounts. You should also avoid foods and drinks that contain caffeine during your treatment with phenelzine. Follow these directions carefully. Ask your doctor or dietitian if you have any questions about what you may eat and drink during your treatment.[2]

32.     Even small amounts of yohimbe may cause high blood pressure.

33.     Yohimbe itself elevates normal blood pressure levels, and Defendants fail to warn consumers that, similar to MAOIs, the consumption of yohimbe with common foods heavy in tyramine presents the risk of hypertension and possibly even stroke or death; and such foods should be avoided when taking yohimbe.

34.     Of significant concern is a study published in 2008, which in a yearlong surveillance study of dietary supplement-related poison control center calls, found that yohimbe products accounted for almost a fifth of all exposures to dietary supplements that led to negative symptoms, despite being a very small percentage of dietary

---

[2] The National Institute of Health, *Yohimbe* http://www.nlm.nih.gov/medlineplus/druginfo/natural/759.html (last visited June 4, 2013).

COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW, FALSE ADVERTISING LAW, AND CONSUMER LEGAL REMEDIES ACT

supplement sales.[3]

35.    These symptoms include: anxiety, tremulousness, diaphoresis, hypertension, palpitations, headache, chest pain, tachycardia, shortness of breath, stroke, dizziness, agitation, and abnormally dilated pupils.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3] C. Haller, et al. *Dietary Supplement Adverse Events: Report of a One-Year Poison Center Surveillance Project*, 4(2) Journal of Medical Toxicology, June 2008 at 84-92.

COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW, FALSE ADVERTISING LAW, AND CONSUMER LEGAL REMEDIES ACT

1

**Specific Misrepresentations and Deceptive Acts**

2

<u>Front Label</u>:



36.    **Misleading supplement name**: Defendants prominently label their product under the name "Cobra Sexual Energy" despite that there is no evidence it contributes to human sexual energy.

37.    **Misleading graphic**: Defendants place a graphic of cobra snake with an erect head on the front of the Cobra box, implying clear phallic overtones of the purported effect of Defendants' Product.

7

38.     **Misleading sub-heading**: The front of the Cobra label features the misleading sub-heading "Powerful Men's Formula," suggesting that not only does its proprietary blend work in the way advertised, but has a strong "powerful" effect.

39.     Furthermore, the label features beneath this misleading sub-heading in large bolded and italicized words "with Yohimbe & Horny Goat Weed." This claim suggests that these two proprietary blend ingredients are present in the amounts necessary to be effective and, are effective in the manner in which Defendants present them in Cobra.

40.     The combined effect of these misleading statements, together and in context with other labeling claims, is that Defendants falsely suggest there is a scientific and/or research basis for claims about Cobra.

41.     Neither Yohimbe nor Horny Goat Weed, however, has ever been shown in any scientific study to improve human "sexual energy."

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW,
FALSE ADVERTISING LAW, AND CONSUMER LEGAL REMEDIES ACT

1

<u>Back Label:</u>



COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW,
FALSE ADVERTISING LAW, AND CONSUMER LEGAL REMEDIES ACT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>Side Label</u>:



42.    **Misleading heading**: The side label of Cobra prominently claims:  "Perform Your Best with Animal Magnetism"; and "For centuries, men have used various herbs, roots and 'aphrodisiac' plants to enhance their sexuality and improve their performance. Cobra blends exotic herbs from the Orient, South Pacific, and Africa."

10

43.   Such claims, alone, and even more so taken together with the rest of the label, convey a misleading impression of what the product will do for the consumer, implying that the "exotic herbs" in Defendants' proprietary blend are not only similar to those that have been used for "centuries" around the world but have the effects of "enhance[d] sexuality" and "improve[d] performance."

44.   **Misleading second heading claims**: The second section of this side of the Cobra label prominently claims "Discover Natural Balance" in large, bolded, italicized font. Defendants further claim that: "Scientifically blending select, high-quality herbs into proprietary formulas is our art."

45.   This statement implies that the ingredients, which constitute Cobra's "proprietary" blend, have been chosen based on scientific research in order to achieve the product's advertised effect. Such an implication is false and the statement, both alone and taken together with the rest of the package, is misleading.

46.   Also beneath this large heading, the Cobra label states: "For over 20 years Natural Balance has energized people's health and well-being by offering specialty supplements that work."

47.   This sentence makes the dual claim that Natural Balance has historically contributed to people's overall "health" and "well-being," and that Natural Balance "energize[s]" consumers. The pervasive context of Defendants' Cobra label promotes the idea that Cobra is healthy to consume despite significant evidence it poses serious health risks to consumers, and whose main function is to promote "energy" of a sexual nature when there is no evidence demonstrating this to be true either.

48.   These express claims therefore are both false and misleading.

49.   The above sentence also explicitly states that Defendants "[offer] specialty supplements that work." Unfortunately for consumers, at least in regards to Defendants' Product, the company fails even this modest claim. "Cobra Sexual Energy" is little more than aggressively advertised snake oil.

COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW, FALSE ADVERTISING LAW, AND CONSUMER LEGAL REMEDIES ACT

50.    Further, this part of the Cobra label concludes with the claim: "Helping people live healthier, more enjoyable lives is our passion."

51.    This claim misleads consumers to believe that, because of Defendants' stated "passion" in life, they are safe to assume that in purchasing Cobra they are purchasing a product that will contribute to a "healthier" life and "enjoy" the benefits Defendants claim their Product will give them.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW, FALSE ADVERTISING LAW, AND CONSUMER LEGAL REMEDIES ACT

Side Label:



52. **Misleading Heading**: The side label of Cobra states in large type: "Take Virility to the Max!"

13

53.   "Virility" means sexual energy and vigor, and in the sexual context of Defendants' Product, misleadingly implies Cobra Sexual Energy delivers the advertised result with "max[imum]" effectiveness.

54.   There is no scientific evidence that the ingredients at the levels found in Cobra, individually or in any combination, provide sexual energy for the human body.

55.   **Misleading ingredient sub-headings**: The side label of Cobra also lists several claims related to various ingredients in its proprietary blend:

56.   **"Yohimbe Bark Extract"**: Under this sub-heading Defendants' Cobra label states: "Legendary herb from Africa that contains Yohimbine. Yohimbe is intended to provide nutritive support for healthy blood flow."

57.   While some studies possibly support "increased blood flow," stating them in the context of sexual energy in misleading. The increase in blood flow Defendants refer to has not been shown by any scientific study to affect human sexual energy.

58.   The NIH has stated that Yohimbe is possibly helpful only for erectile dysfunction and sexual problems arising from certain medications, but cautions that Yohimbe has not been adequately researched to justify being described as having these or any other sexual benefits.[4]

59.   Extracts from this bark, aside from not having the healthful benefits claimed on Defendants' label, present the added risks described above (hypertension, stroke, and manic-depressive episodes), which are not indicated on Defendants' label.[5]

60.   **"Horny Goat Weed"**: Under this sub-heading Defendants' Cobra label states: "From China, it is thought to support sensitivity in the sensory nerves."

_____

[4] The National Institute of Health, *Yohimbe* http://www.nlm.nih.gov/medlineplus/druginfo/natural/759.html (last visited June 4, 2013).

[5] The National Institute of Health, *Yohimbe* http://www.nlm.nih.gov/medlineplus/druginfo/natural/759.html (last visited June 4, 2013).

COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW, FALSE ADVERTISING LAW, AND CONSUMER LEGAL REMEDIES ACT

61.     There are no scientific studies substantiating this claim and stating such a claim in the context of sexual energy is misleading.

62.     **"Muira Puama"**: Under this sub-heading Defendants' Cobra label states: "Stimulating Brazilian herb known as 'potency wood'."

63.     There are no scientific studies substantiating that extracts from this herb improve human sexual energy. This claim is misleading as stated in the overall context of Defendants' Cobra label.

64.     **"Korean Ginseng"**: Under this sub-heading Defendants' Cobra label states: "Most famous of all performance enhancing herbs. Ginseng is prized in the Orient."

65.     There are no scientific studies that demonstrate extracts from this herb "enhances" sexual performance.

66.     The NIH has also cautioned that "ginseng may lower levels of blood sugar"; and that "this effect may be seen more in people with diabetes."[6] Therefore, Defendants' Cobra presents an additional risk to the consumer in the absence of any such warning on its label, without any of the offsetting benefits that it claims to possess.

67.     As the NIH has also warned that yohimbe, present in Cobra's "proprietary blend," also presents risks for those who suffer from diabetes, Cobra presents a double risk for such consumers without any such warning on its label.

68.     **"Saw Palmetto"**: Under this sub-heading Defendants' Cobra label states: "North American herb known for its reputed ability to help promote prostate function."

69.     While naturally-occurring phytosterol compounds[7] found in nearly all plants, including Saw Palmetto, have been shown to present certain specific benefits for sufferers of benign prostate hyperplasia,[8] no scientific study has ever shown that

---

[6] The National Institute of Health, *Herbs at a Glance: Asian Ginseng* http://nccam.nih.gov/health/asianginseng/ (last visited June 4, 2013).
[7] Plant forms of cholesterol.
[8] A non-cancerous enlargement of the prostate. *See e.g.*, Berges RR, *et al. Randomised, Placebo-Controlled, Double-Blind Clinical Trial of beta-Sitosterol in Patients with*

COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW, FALSE ADVERTISING LAW, AND CONSUMER LEGAL REMEDIES ACT

phytosterols "promote healthy prostate function."

70.     Furthermore, the NIH has warned that the Cobra ingredient yohimbe "might make the symptoms of BPH (benign prostatic hyperplasia) worse," negating any such implied benefit for the prostate.[9]

71.     Such a suggestion is not only false but also misleading in the context of other claims made throughout Defendants' Cobra label.

72.     A reasonable consumer would assume significant improvement of prostate function might also improve "sexual energy" or performance.

73.     Further, neither phytosterols nor Saw Plametto extracts have ever been shown by any scientific study to affect human sexual energy levels in any way.

**Other Ingredients Listed Under NBI's Proprietary Blend**

74.     **"Kola Nut (seed extract)"**: There are no scientific studies showing that seed extracts from the Kola nut, or any other such extract, improve "sexual energy" levels.

75.     **"Oat Straw (aerial extract)"**: There are no scientific studies showing that "aerial" extracts from oat straw, or any other such extract, improve "sexual energy" levels.

76.     **"Nettle (leaf extract)"**: There are no scientific studies that demonstrate extracts from any nettle plant improve "sexual energy" levels.

77.     **"Catuaba (bark)"**: There are no scientific studies that demonstrate extracts from Catuaba bark improve "sexual energy" levels.

78.     **"Damiana (leaf)"**: Also known as *tunera diffusa*, extracts from this plant have been shown to increase the sexual activity and copulation rate of rats in one study.

79.     However, rats exhibiting this gain were at the outset "sexually sluggish"

---

*Benign Prostatic Hyperplasia. beta-Sitosterol Study Group*, 345(8964) Lancet 1529-32 (1995).

[9] The National Institute of Health, *Yohimbe* http://www.nlm.nih.gov/medlineplus/druginfo/natural/759.html (last visited June 4, 2013).

before Damiana extracts were administered in solution. Rats exhibiting normal sexual behavior, however, showed no such benefit when given the extract as compared to a control group. The hypothesized mechanisms by which Damiana extracts are purported to affect "sexually sluggish" rats did appear to be present in healthy rats:

> So, from our present data, it would appear that the plant extracts used in this study, which selectively improve the sexual behavior of sluggish/impotent rats, *while being ineffective in potent rats*, might act mainly by increasing central noradrenergic and dopaminergic tone, and possibly (indirectly) oxytocinergic transmission.[10]

80.    No human study, however, has replicated this finding in the fourteen years since this study was performed. Accordingly, claims as to the possible effects and benefits of Damiana leaf extracts on human beings (let alone human beings not suffering from the issues as the "sluggish" rats) are misleading.

### Violations of 21 C.F.R. § 310.528

81.    The labeling described above, including but not limited to: "Sexual Energy," "Powerful Men's Formula," "Horny Goat Weed," "Potency Wood," "Perform Your Best with Animal Magnetism," "enhance. . . sexuality," "enhance. . . sexual energy," "improve. . . performance," "Take Virility to the Max!," "performance enhancing," alone and in context with other labeling claims and packaging graphics, evidence Cobra's intended use as an aphrodisiac, to arouse or increase sexual desire or improve sexual performance.

82.    Pursuant to Title 21 of the Code of Federal Regulations, Part 310.528 (21 CFR § 310.528) any OTC drug product that is labeled, represented, or promoted for use as an aphrodisiac, like Cobra, is regarded as a "new drug" within the meaning of section

---

[10] R. Arletti, *et al., Stimulating Property of* Tunera Diffusa *and* Pfaffia Paniculata *Extracts on the Sexual Behavior of Male Rats*, 143 Pharmacology 15, 15-19 (1999) (emphasis added).

201(p) of the FDCA (located at 21 U.S.C. § 355(p)).

83.    The FDCA requires any new drug to have an application approved by the Food and Drug Administration ("FDA") before the drug can be marketed to the public, and further that the drug's label be approved by the FDA prior to marketing or selling the drug to the public. *See*, *generally*, *id.*; 21 U.S.C. §§ 355(a), (b) [New Drug Application], (j) [Abbreviated New Drug Application, for generic drugs].

84.    Defendants' Product violates Section 505(a) of the FDCA since the adequacy of the labeled directions for its "aphrodisiac" uses has not been approved by the FDA prior to Cobra being marketed to the public (*see* 21 U.S.C. § 355(a)).[11] Accordingly, the Product is misbranded under section 502(f)(1) of the FDCA (located at 21 U.S.C. § 352).

85.    Further, Cobra includes the ingredients: Yohimbe, Horny Goat Weed, Muira Puama, Korean Ginseng, Saw Palmetto, Kola Nut, Oat Straw, Nettle, Catuaba, and Damiana.  However, there is a lack of adequate data to establish general recognition of the safety and effectiveness of any of these ingredients, or any other ingredient, for OTC use as an aphrodisiac.  21 C.F.R. § 310.528.  Labeling claims for aphrodisiacs for OTC use are either false, misleading, or unsupported by scientific data.  *Id.*  Thus, based on the evidence currently available, any OTC drug product containing ingredients for use as an aphrodisiac, including Cobra, cannot be generally recognized as safe and effective.  *See id.*

## **RELIANCE AND INJURY**

86.    When purchasing Cobra, Plaintiffs were seeking a product that had the qualities described on Defendants' Cobra label.

87.    Plaintiffs read and relied on the following deceptive claims by Defendants concerning Cobra:

---

[11] In addition to proving effectiveness, the manufacturer of a new drug must also prove the drug's safety, sufficient to meet FDA standards.  21 U.S.C. § 355(d).

18

1           a. the product's name, "Cobra Sexual Energy";

2           b. "Powerful Men's Formula";

3           c. "with Yohimbe & Horny Goat Weed";

4           d. "Perform Your Best with Animal Magnetism";

5           e. "'aphrodisiac' plants to enhance…sexual energy";

6           f. "improve. . . performance";

7           g. "Scientifically blending select, high-quality herbs";

8           h. "Natural Balance has energized people's health and well-being";

9           i. "offering specialty supplements that work";

10           j. "Helping people live healthier, more enjoyable lives";

11           k. "proprietary formulas";

12           l. "Take Virility to the Max!"; and

13           m. "Most famous of all performance enhancing herbs";

88. Plaintiffs believed Cobra had the qualities they sought based on its deceptive labeling, but the product was actually unsatisfactory to Plaintiffs for the reasons described herein, *i.e.*, there is no evidence the ingredients in Cobra present the claimed benefits and the ingredients may actually impose an unreasonable risk of danger.

89. Cobra costs more than similar products without misleading labeling, and would have cost less absent the false and misleading statements.

90. Plaintiffs paid more for Cobra, and would have been willing to pay less or unwilling to purchase the product at all, absent the false and misleading labeling complained of herein. Plaintiffs would not have purchased Cobra absent these claims and advertisements.

91. For these reasons, Cobra was worth less than what Plaintiffs paid for it.

92. Instead of receiving a product that had actual and substantiated healthful or other beneficial qualities, the product Plaintiffs received was one which does not provide the claimed benefits.

93.     Plaintiffs lost money as a result of Defendants' deceptive claims and practices in that they did not receive what they paid for when purchasing Cobra.

94.     Plaintiffs altered their position to their detriment and suffered damages in an amount equal to the amount they paid for Cobra.

95.     Plaintiff, Frank Ortega, did not discover that Defendants labeling was false, deceptive, or misleading until December 2012, when he learned that the Defendants' Product violates the FDCA and its implementing regulations and that the labels were untrue and/or misleading.

96.     Plaintiff, Troy Lambert, did not discover that Defendants labeling was false, deceptive, or misleading until January 2013, when he learned that the Defendants' Product violates the FDCA and its implementing regulations and that the labels were untrue and/or misleading.

97.     Plaintiffs are reasonably diligent consumers who exercised reasonable diligence in their purchasing, use, and consumption of the Product. Nevertheless, they would not have been able to discover Defendants' deceptive practices and lack the means to discover them given that, like nearly all consumers, they are not nutritionists, food experts, or food scientists, but rather lay consumers who did not have the specialized knowledge that Defendants had.

## CLASS ACTION ALLEGATIONS

98.     Plaintiffs bring this action on behalf of themselves and all others similarly situated (the "Class") in accordance with Rule 23 of the Federal Rules of Civil Procedure.

99.     The Class is defined as:

> All persons (excluding officers, directors, and employees of NBI and NIC) who purchased, on or after January 1, 2006, Defendants' Cobra Products (in all packaging sizes and iterations) in the United States for their own use rather than resale or distribution.

100.    Questions of law and fact common to Plaintiffs and the Class include:

COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW, FALSE ADVERTISING LAW, AND CONSUMER LEGAL REMEDIES ACT

    a.  Whether Defendants contributed to, committed, and/or are responsible for the conduct alleged herein;

    b.  Whether Defendants' conduct constitutes the violations of law alleged herein;

    c.  Whether Defendants acted willfully, recklessly, negligently, or with gross negligence in the violations of law alleged herein; and

    d.  Whether Class members are entitled to compensatory, injunctive, and other equitable relief.

101.  By purchasing Cobra, all Class members were subjected to the same wrongful conduct.

102.  Absent Defendants' deceptive claims, Plaintiffs and Class members would not have purchased Cobra.

103.  Plaintiffs' claims are typical of the Class's claims. Plaintiffs will fairly and adequately protect the interests of the Class, have no interests that are incompatible with the interests of the Class, and have retained counsel competent and experienced in class litigation.

104.  The Class is sufficiently numerous, as it includes thousands of individuals who purchased Cobra throughout the United States during the Class Period.

105.  Class representation is superior to other options for the resolution of the controversy. The relief sought for each Class member is small. Absent the availability of class action procedures, it would be infeasible for Class members to redress the wrongs done to them.

106.  Defendants have acted on grounds applicable to the Class, thereby making appropriate final injunctive relief or declaratory relief concerning the Class as a whole.

107.  Questions of law and fact common to the Class predominate over any questions affecting only individual members.

108.  Class treatment is appropriate under FRCP 23(a), and both 23(b)(2) and

23(b)(3). Plaintiffs do not contemplate class notice if the Class is certified under FRCP 23(b)(2), which does not require notice, and notice via publication if the Class is certified under FRCP 23(b)(3) or if the Court determines Class notice is required notwithstanding that notice is not required under FRCP 23(b)(2). Plaintiffs will, if notice is required, confer with Defendants and seek to present the Court with a stipulation and proposed order on the details of a Class notice plan.

## **FIRST CAUSE OF ACTION**

### **Violations of the Unfair Competition Law, Unlawful Prong**

### **Cal. Bus. & Prof. Code § 17200 *et seq.*,**

109.   Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if set forth in full herein.

110.   California Business and Professional Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

111.   The acts, omissions, misrepresentations, practices, and non-disclosures of Defendants as alleged herein constitute "unlawful" business acts and practices in that Defendants' conduct violates the False Advertising Law, the Consumer Legal Remedies Act, and the Lanham Act.

112.   Defendants' conduct is further "unlawful" because it violates the FDCA and its implementing regulations in the following ways:

   a.   Defendants' deceptive statements violate 21 U.S.C. §§ 343(a) and 352, which deem a food or drug (including nutritional supplements) misbranded when the label contains a statement that is "false or misleading in any particular;"

   b.   Defendants' deceptive statements violate 21 C.F.R. § 101.14(b)(3)(i), which mandates "substances" in dietary supplements consumed must contribute and retain "nutritive value," as defined under 21 C.F.R. § 101.14(a)(2)(3) when consumed at levels necessary to justify a claim;

c.   Defendants' deceptive statements are per se false and misleading because the FDA has ruled there is a lack of adequate data to establish general recognition of the safety and effectiveness of any of Cobra's ingredients, or any other ingredient, for OTC use as an aphrodisiac; and labeling claims for aphrodisiacs for OTC use are "either false, misleading, or unsupported by scientific data." 21 C.F.R. § 310.528(a);

d.   Defendants' deceptive statements violate 21 CFR § 310.528(b), which mandates that any OTC product that is labeled, represented, or promoted for use as an aphrodisiac, like Cobra, is regarded as a "new drug" within the meaning of 21 U.S.C. § 355(p), but Defendants do not have new drug approval for Cobra or its labeling, as required under the FDCA and its implementing regulations. Accordingly, Defendants' Product is misbranded under section 502(f)(1) of the FDCA;

e.   Defendants' Product also violates the FDCA because, as an unapproved new drug and aphrodisiac, Cobra cannot be generally recognized as safe and effective in the absence of a new drug application as set forth in the FDCA and its implementing regulations.  21 C.F.R. § 310.528(a);

113.   Defendants' conduct is further "unlawful" because it violates The California Sherman Food, Drug, and Cosmetic Law, *see* Cal. Health & Safety Code § 109875-111900, which incorporates the provisions of the FDCA.  *See id.* §§ 110110-110115.

114.   In accordance with Bus. & Prof. Code § 17203, Plaintiffs seek an order enjoining Defendants from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

115.   Plaintiffs further seek an order for the disgorgement and restitution of all monies from the sale of the Defendants' Product, which were acquired through acts of unlawful, unfair, and/or fraudulent competition.

/ / /

COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW,
FALSE ADVERTISING LAW, AND CONSUMER LEGAL REMEDIES ACT

## **SECOND CAUSE OF ACTION**

**Violations of the Unfair Competition Law, Unfair and Fraudulent Prongs**

**Cal. Bus. & Prof. Code § 17200 *et seq.*,**

116.   Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if set forth in full herein.

117.   California Business and Professional Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

118.   The acts, omissions, misrepresentations, practices, and non-disclosures of Defendants as alleged herein also constitute "unfair" business acts and practices under the UCL in that Defendants' conduct is immoral, unscrupulous, and offends public policy by seeking to profit from male vulnerability to false or deceptive virility or aphrodisiac claims. Further, the gravity of Defendants' conduct outweighs any conceivable benefit of such conduct.

119.   The acts, omissions, misrepresentations, practices, and non-disclosures of Defendants as alleged herein constitute "fraudulent" business acts and practices under the UCL in that Defendants' claims are false, misleading, and have a tendency to deceive the Class and the general public, as detailed herein.

120.   In accordance with Bus. & Prof. Code § 17203, Plaintiffs seek an order enjoining Defendants from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

121.   Plaintiffs further seek an order for the disgorgement and restitution of all monies from the sale of the Defendants' Product, which were acquired through acts of unlawful, unfair, and/or fraudulent competition.

/ / /

/ / /

/ / /

/ / /

COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW,
FALSE ADVERTISING LAW, AND CONSUMER LEGAL REMEDIES ACT

## THIRD CAUSE OF ACTION

### Violations of the False Advertising Law,

### Cal. Bus. & Prof. Code § 17500 *et seq.*

122.   Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if set forth in full herein.

123.   In violation of California Business and Professional Code § 17500 *et seq.*, the advertisements, labeling, policies, acts, and practices described herein were designed to, and did, result in the purchase and use of Cobra.

124.   Defendants knew and reasonably should have known that the labels on the Defendants' Product were untrue and/or misleading.

125.   As a result, Plaintiffs, the Class, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendants were unjustly enriched.

## FOURTH CAUSE OF ACTION

### Violations of the Consumer Legal Remedies Act,

### Cal. Civ. Code § 1750 *et seq.*

126.   Plaintiffs reallege and incorporate the allegations elsewhere in the Complaint as if set forth in full herein.

127.   The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

128.   Defendants false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Defendants' Products for personal, family, or household purposes by Plaintiffs and class members, and violated and continue to violate the following sections of the CLRA:

  a.  § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have.

25

b.  § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

c.  § 1770(a)(9): advertising goods with intent not to sell them as advertised.

d.  § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

129.   As a result, Plaintiffs and the Class have suffered irreparable harm, seek, and are entitled to, actual damages, punitive damages, injunctive relief and restitution.

130.   Pursuant to section 1782 *et seq*. of the CLRA, Plaintiffs notified Defendants in writing by certified mail of the particular violations of § 1770 of the Act as to the Products and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act.  *See* Exhibit 1 attached hereto.  Defendants' wrongful business practices regarding the Products constituted, and constitute, a continuing course of conduct in violation of the CLRA since Defendants are still representing that the Products have characteristics, uses, benefits, and abilities which are false and misleading, and have injured Plaintiffs and the Class.

131.   Because Defendants failed to implement remedial measures, Plaintiffs seek actual and punitive damages for their CLRA claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, all others similarly situated, and the general public, prays for judgment and relief against Defendants as follows:

A.   An Order declaring this action to be a proper class action and appointing undersigned counsel as class counsel;

B.   An Order requiring Defendants to bear the cost of class notice;

C.   An Order compelling Defendants to conduct a corrective advertising campaign;

D.   An Order requiring Defendants to disgorge all monies, revenues, and profits

1   obtained by means of any wrongful act or practice;

2        E.      An Order compelling Defendants to destroy all misleading and deceptive

3   advertising materials and product labels;

4        F.      An Order awarding damages and punitive damages;

5        G.      An Order requiring Defendants to pay restitution to restore all funds

6   acquired by means of any act or practice declared by this Court to be an unlawful, unfair,

7   or fraudulent business act or practice, untrue or misleading advertising, or a violation of

8   the CLRA, plus pre-and post-judgment interest thereon;

9        H.      An Order awarding costs, expenses, and reasonable attorneys' fees;

10       I.      Any other and further relief the Court deems necessary, just, or proper.

11                                    **<u>JURY DEMAND</u>**

12       Plaintiffs demand a trial by jury on all causes of action so triable.

13       DATED: August 14, 2013                         Respectfully Submitted,

14

15                                           */s/ Ronald A. Marron*
                                             Ronald A. Marron
16                                           **THE LAW OFFICES OF RONALD A.**
                                             **MARRON, APLC**
17                                           RONALD A. MARRON
                                             SKYE RESENDES
18                                           ALEXIS M. WOOD
                                             651 Arroyo Drive
19
                                             San Diego, CA 92103
20                                           Telephone:  (619) 696-9006
                                             Facsimile:  (619) 564-6665
21

22
                                             **THE WESTON FIRM**
23                                           GREGORY S. WESTON
                                             JACK FITZGERALD
24                                           MELANIE PERSINGER
                                             PAUL K. JOSEPH
25
                                             1405 Morena Blvd., Suite 201
26                                           San Diego, CA 92110
                                             Telephone:  (619) 798-2006
27

28

                                             27
COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW,
FALSE ADVERTISING LAW, AND CONSUMER LEGAL REMEDIES ACT

Facsimile:    (480) 247-4553

**Counsel for Plaintiffs and
the Proposed Class**

COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW,
FALSE ADVERTISING LAW, AND CONSUMER LEGAL REMEDIES ACT

## Table of Exhibits

| EXHIBIT NUMBER | EXHIBIT DESCRIPTION | PAGE NUMBERS |
|:---:|:---:|:---:|
| Exhibit 1 | Plaintiffs' CLRA Letters | 1 – 6 |

# EXHIBIT 1

Law Offices of

# Ronald A. Marron

A Professional Law Corporation

3636 Fourth Avenue, Ste 202
San Diego, CA 92103

Tel: 619.696.9006
Fax: 619.564.6665

December 13, 2012

**Via: Certified Mail, (receipt acknowledgment with signature requested)**

Tim Hinricks, Executive Vice-President
Natural Balance, Inc.
383 Inverness Parkway # 390
Englewood, CO 80112

Corporation Service Company
As Agent for Service of Process for
Natural Balance, Inc.
2711 Centerville Road, Ste. 400
Wilmington, DE 19808

Frank Gay II, Chief Executive Officer
Stanly Soper, Vice-President-Legal
Nutraceutical Corporation
1400 Kearns Blvd., Second Floor,
Park City, UT 84060

Prentice-Hall Corporation System, Inc.
As Agent for Service of Process for
Nutraceutical Corporation
2711 Centerville Road, Ste. 400
Wilmington, DE 19808

Frank Gay II, Chief Executive Officer
Stanly Soper, Vice-President-Legal
Nutraceutical International Corporation
1400 Kearns Blvd., Second Floor,
Park City, UT 84060

Corporation Service Company
As Agent for Service of Process for
Nutraceutical International Corporation
2711 Centerville Road, Ste. 400
Wilmington, DE 19808

**RE:**   *NOTICE: Violations of the California Consumer Legal Remedies Act and Duty to Preserve Evidence*

Dear Sir or Madam,

  **PLEASE TAKE NOTICE** that this letter constitutes notice under the California Consumer Legal Remedies Act, ("CLRA"), California Civil Code Section 1750, *et seq.,* (the "ACT") — pursuant specifically to Civil Code Section 1782 — notifying **NATURAL BALANCE, INC., NUTRACEUTICAL CORPORATION AND NUTRACEUTICAL INTERNATIONAL CORPORATION** (collectively, "YOU" and "YOUR") of violations of the Act and of our demand that YOU remedy such violations within thirty (30) days from your receipt of this letter.

**EXHIBIT 1 PAGE 1**

This firm represents Frank Ortega.  Mr. Ortega purchased Cobra Sexual Energy ("the Product") from CVS, Rite-Aid and Target stores located in Reseda, California.  Mr. Ortega was exposed to and saw YOUR claims about the Product, purchased the Product in reliance on those claims, and suffered injury in fact as a result of YOUR false and misleading advertising.

YOU falsely advertise and market YOUR products, including Cobra Sexual Energy by putting false and misleading claims on the label that the Product increases sexual energy in the human body; among other representations.  None of the ingredients in Cobra, however, have been shown by any scientific human study to increase sexual energy.  Moreover, the consumption of the random herbs and herbal extracts presents a risk of an allergic or other adverse reaction without any offsetting benefit.

A reasonable consumer would have relied on the deceptive and false claims made in YOUR advertisements and through the exercise of reasonable diligence would not have discovered the violations alleged herein because YOU actively and purposefully concealed the truth regarding YOUR products or services.

In short, these material misrepresentations are deceiving customers into purchasing Cobra Sexual Energy by creating the impression that the Product provides significant sexual benefits, when in fact it does not.  On behalf of himself and all others similarly situated, our client hereby demands that you remedy these violations of the CLRA and other California consumer laws within 30 days of your receipt of this letter.

Please be advised that the alleged unfair methods of competition or unfair or deceptive acts or practices in violation of the CLRA include, but are not necessarily limited to:

§ 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have.

§ 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

§ 1770(a)(9): advertising goods with intent not to sell them as advertised.

§ 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

YOU have failed to honor your consumer protection obligations.  Based upon the above, demand is hereby made that YOU conduct a corrective advertising campaign and destroy all misleading and deceptive advertising materials and products.

**EXHIBIT 1 PAGE 2**

Please be advised that your failure to comply with this request within thirty (30) days may subject you to the following remedies, available for violations of the CLRA, which will be requested in the class action complaint on behalf of our client, Frank Ortega and all other similarly-situated U.S. residents:

(1) The actual damages suffered;

(2) An order enjoining you for such methods, acts or practices;

(3) Restitution of property (when applicable);

(4) Punitive damages;

(5) Any other relief which the court deems proper; and

(6) Court costs and attorneys' fees.

Additionally, I remind you of your legal duty to preserve all records relevant to such litigation. See, e.g., *Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D 162, 175 (S.D.N.Y 2004); *Computer Ass'n Int'l v. American Fundware, Inc.*, 133 F.R.D. 166, 168-69 (D. Colo. 1990). This firm anticipates that all e-mails (including related attachments in any file format), letters, reports, internal corporate instant messages, and laboratory records that related to the formulation and marketing of YOUR products will be sought in the forthcoming discovery process.   You therefore must inform any employees, contractors, and third-party agents (for example product consultants and advertising agencies handling your product account) to preserve all such relevant information.

In addition, California Civil Code Section 1780 (b) provides in part that: "Any consumer who is a **senior citizen or a disabled person**, as defined in subdivision (f) and (g) of Section 1761, as part of an action under subdivision (a), may seek and be awarded, in addition to the remedied specified therein, up to **five thousand dollars** ($5,000)... [emphasis added]".

Sincerely,

THE LAW OFFICES OF RONALD A. MARRON APLC

/s/ Ronald A. Marron
Ronald A. Marron
Attorney for Frank Ortega, and all others similarly situated

**EXHIBIT 1 PAGE 3**

Law Offices of

# Ronald A. Marron
### A Professional Law Corporation

3636 Fourth Avenue, Ste 202
San Diego, CA 92103

Tel: 619.696.9006
Fax: 619.564.6665

January 22, 2013

**Via: Certified Mail, (receipt acknowledgment with signature requested)**

Tim Hinricks, Executive Vice-President
Natural Balance, Inc.
383 Inverness Parkway # 390
Englewood, CO 80112

Corporation Service Company
As Agent for Service of Process for
Natural Balance, Inc.
2711 Centerville Road, Ste. 400
Wilmington, DE 19808

Frank Gay II, Chief Executive Officer
Stanly Soper, Vice-President-Legal
Nutraceutical Corporation
1400 Kearns Blvd., Second Floor,
Park City, UT 84060

Prentice-Hall Corporation System, Inc.
As Agent for Service of Process for
Nutraceutical Corporation
2711 Centerville Road, Ste. 400
Wilmington, DE 19808

Frank Gay II, Chief Executive Officer
Stanly Soper, Vice-President-Legal
Nutraceutical International Corporation
1400 Kearns Blvd., Second Floor,
Park City, UT 84060

Corporation Service Company
As Agent for Service of Process for
Nutraceutical International Corporation
2711 Centerville Road, Ste. 400
Wilmington, DE 19808

***RE:    NOTICE:  Violations of the California Consumer Legal Remedies Act and Duty
to Preserve Evidence***

Dear Sir or Madam,

 **PLEASE TAKE NOTICE** that this letter constitutes notice under the California
Consumer Legal Remedies Act, ("CLRA"), California Civil Code Section 1750, *et seq.,*
(the "ACT") — pursuant specifically to Civil Code Section 1782 — notifying
**NATURAL    BALANCE,    INC.,    NUTRACEUTICAL    CORPORATION    AND
NUTRACEUTICAL INTERNATIONAL CORPORATION** (collectively, "YOU" and
"YOUR") of violations of the Act and of our demand that YOU remedy such violations
within thirty (30) days from your receipt of this letter.

**EXHIBIT 1 PAGE 4**

This firm represents Troy Lambert. Mr. Lambert purchased Cobra Sexual Energy ("the Product" or "Cobra") from Rite-Aid located at 300 East Willow Street, Long Beach, CA 90806. Mr. Lambert was exposed to and saw YOUR claims about the Product, purchased the Product in reliance on those claims, and suffered injury in fact as a result of YOUR false and misleading advertising.

YOU falsely advertise and market Cobra Sexual Energy by putting false and misleading claims on the label that the Product increases sexual energy in the human body, among other representations. None of the ingredients in Cobra, however, have been shown by any scientific human study to increase sexual energy. Moreover, the consumption of the random herbs and herbal extracts presents a risk of an allergic or other adverse reaction without any offsetting benefit.

A reasonable consumer would have relied on the deceptive and false claims made in YOUR advertisements and through the exercise of reasonable diligence would not have discovered the violations alleged herein because YOU actively and purposefully concealed the truth regarding YOUR products or services.

In short, these material misrepresentations are deceiving customers into purchasing Cobra Sexual Energy by creating the impression that the Product provides significant sexual benefits, when in fact it does not. On behalf of himself and all others similarly situated, our client hereby demands that you remedy these violations of the CLRA and other California consumer laws within 30 days of your receipt of this letter.

Please be advised that the alleged unfair methods of competition or unfair or deceptive acts or practices in violation of the CLRA include, but are not necessarily limited to:

§ 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have.

§ 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another.

§ 1770(a)(9): advertising goods with intent not to sell them as advertised.

§ 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

YOU have failed to honor your consumer protection obligations. Based upon the above, demand is hereby made that YOU conduct a corrective advertising campaign and destroy all misleading and deceptive advertising materials and products.

**EXHIBIT 1 PAGE 5**

Please be advised that your failure to comply with this request within thirty (30) days may subject you to the following remedies, available for violations of the CLRA, which will be requested in the class action complaint on behalf of our client, Troy Lambert and all other similarly-situated U.S. residents:

(1) The actual damages suffered;

(2) An order enjoining you for such methods, acts or practices;

(3) Restitution of property (when applicable);

(4) Punitive damages;

(5) Any other relief which the court deems proper; and

(6) Court costs and attorneys' fees.

Additionally, I remind you of your legal duty to preserve all records relevant to such litigation. See, e.g., *Convolve, Inc. v. Compaq Computer Corp.*, 223 F.R.D 162, 175 (S.D.N.Y 2004); *Computer Ass'n Int'l v. American Fundware, Inc.*, 133 F.R.D. 166, 168-69 (D. Colo. 1990). This firm anticipates that all e-mails (including related attachments in any file format), letters, reports, internal corporate instant messages, and laboratory records that related to the formulation and marketing of YOUR products will be sought in the forthcoming discovery process. You therefore must inform any employees, contractors, and third-party agents (for example product consultants and advertising agencies handling your product account) to preserve all such relevant information.

In addition, California Civil Code Section 1780 (b) provides in part that: "Any consumer who is a **senior citizen or a disabled person**, as defined in subdivision (f) and (g) of Section 1761, as part of an action under subdivision (a), may seek and be awarded, in addition to the remedied specified therein, up to **five thousand dollars** ($5,000)... [emphasis added]".

Sincerely,

THE LAW OFFICES OF RONALD A. MARRON APLC

/s/ Ronald A. Marron
Ronald A. Marron
Attorney for Troy Lambert, and all others similarly situated

**EXHIBIT 1 PAGE 6**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Audrey B. Collins_____ and the assigned Magistrate Judge is _____Charles F. Eick_____ .

The case number on all documents filed with the Court should read as follows:

## CV 13-05942 ABC (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____August 14, 2013_____
Date

By  D. Vo _____
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

☒ Western Division
312 N. Spring Street, G-8
Los Angeles, CA 90012

☐ Southern Division
411 West Fourth St., Ste 1053
Santa Ana, CA 92701

☐ Eastern Division
3470 Twelfth Street, Room 134
Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

---

CV-18 (08/13)                    NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

Name & Address:
Law Offices of Ronald A. Marron, APLC
Ronald A. Marron (SBN 175650)
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK ORTEGA and TROY LAMBERT on Behalf of Themselves and All Others Similarly Situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>NATURAL BALANCE INC., a Delaware Corporation, and NUTRACEUTICAL INTERNATIONAL CORPORATION. a Delaware Corporation<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV 13 - 05942 ABC (Ex)**<br><br><br><br>**SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, _Ronald A. Marron_____, whose address is _651 Arroyo Drive, San Diego, CA 92103_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _8/14/2013_____

By: _Denise Vo_____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

FRANK ORTEGA and TROY LAMBERT on behalf of Themselves and All Others Similarly Situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

NATURAL BALANCE INC., a Delaware Corporation, and NUTRACEUTICAL INTERNATIONAL CORPORATION, a Delaware Corporation

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Law Offices of Ronald A. Marron, APLC
651 Arroyo Drive
San Diego, CA 92103
Telephone: (619) 696-9006

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☐ 2. U.S. Government Defendant
☐ 3. Federal Question (U.S. Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ over 5,000,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of UCL, FAL, and CLRA

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☒ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number: **CV 13 - 05942 ABC (Ex)**

**AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Ronald A. Jm_   DATE: 08/14/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |