IRELL & MANELLA LLP
John C. Hueston (164921)
*jhueston@irell.com*
Andra Barmash Greene (123931)
*agreene@irell.com*
Christopher D. Vieira (273781)
*cvieira@irell.com*
840 Newport Center Drive, Suite 400
Newport Beach, California 92660-6324
Telephone:  (949) 760-0991
Facsimile:  (949) 760-5200

MONROY, AVERBUCK & GYSLER
Jon F. Monroy (51175)
Jennifer E. Gysler (143449)
32123 Lindero Canyon Road, Suite 301
Westlake Village, California 91361
Telephone: (818) 889-0661
Facsimile: (818) 889-0667

Attorneys for Defendants
NATURAL BALANCE, INC.,
NUTRACEUTICAL
INTERNATIONAL CORP. AND
NUTRACEUTICAL CORP.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| FRANK ORTEGA and TROY LAMBERT, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> NATURAL BALANCE, INC., NUTRACEUTICAL CORPORATION, and NUTRACEUTICAL INTERNATIONAL CORPORATION, <br><br> Defendants. | Case No. 2:13-cv-05942-ABC-E <br><br> [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER <br><br> **DISCOVERY MATTER FOR THE HONORABLE CHARLES F. EICK** |

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2950644

STIPULATED PROTECTIVE ORDER

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.

2. DEFINITIONS

2.1    Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2950644

- 1 -

STIPULATED PROTECTIVE ORDER

1  employee of a Party or of a Party's competitor, and (3) at the time of retention, is not
2  anticipated to become an employee of a Party or of a Party's competitor.

3      2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
4  Information or Items: extremely sensitive "Confidential Information or Items,"
5  disclosure of which to another Party or Non-Party would create a substantial risk of
6  serious harm that could not be avoided by less restrictive means.

7      2.9    House Counsel: attorneys who are employees of a party to this action.
8  House Counsel does not include Outside Counsel of Record or any other outside
9  counsel.

10     2.10   Non-Party: any natural person, partnership, corporation, association, or
11  other legal entity not named as a Party to this action.

12     2.11   Outside Counsel of Record: attorneys who are not employees of a party
13  to this action but are retained to represent or advise a party to this action and have
14  appeared in this action on behalf of that party or are affiliated with a law firm which
15  has appeared on behalf of that party.

16     2.12   Party: any party to this action, including all of its officers, directors,
17  employees, consultants, retained experts, and Outside Counsel of Record (and their
18  support staffs).

19     2.13   Producing Party: a Party or Non-Party that produces Disclosure or
20  Discovery Material in this action.

21     2.14   Professional Vendors: persons or entities that provide litigation support
22  services (e.g., photocopying, videotaping, translating, preparing exhibits or
23  demonstrations, and organizing, storing, or retrieving data in any form or medium)
24  and their employees and subcontractors.

25     2.15   Protected Material: any Disclosure or Discovery Material that is
26  designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL –
27  ATTORNEYS' EYES ONLY."

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2950644

- 2 -

STIPULATED PROTECTIVE ORDER

2.16   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   <u>DESIGNATING PROTECTED MATERIAL</u>

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1    5.2    Manner and Timing of Designations. Except as otherwise provided in
2    this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
3    stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
4    under this Order must be clearly so designated before the material is disclosed or
5    produced.

6        Designation in conformity with this Order requires:

7        (a) for information in documentary form (e.g., paper or electronic documents,
8    but excluding transcripts of depositions or other pretrial or trial proceedings), that
9    the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY
10   CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains
11   protected material. If only a portion or portions of the material on a page qualifies
12   for protection, the Producing Party also must clearly identify the protected portion(s)
13   (e.g., by making appropriate markings in the margins) and must specify, for each
14   portion, the level of protection being asserted.

15       A Party or Non-Party that makes original documents or materials available for
16   inspection need not designate them for protection until after the inspecting Party has
17   indicated which material it would like copied and produced. During the inspection
18   and before the designation, all of the material made available for inspection shall be
19   deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the
20   inspecting Party has identified the documents it wants copied and produced, the
21   Producing Party must determine which documents, or portions thereof, qualify for
22   protection under this Order. Then, before producing the specified documents, the
23   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or
24   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that
25   contains Protected Material. If only a portion or portions of the material on a page
26   qualifies for protection, the Producing Party also must clearly identify the protected
27   portion(s) (e.g., by making appropriate markings in the margins) and must specify,
28   for each portion, the level of protection being asserted.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2950644                    STIPULATED PROTECTIVE ORDER

1       (b) for testimony given in deposition or in other pretrial or trial proceedings,

2  the Designating Party has up to 21 days after the Designating Party receives a

3  transcript of the testimony to identify the specific portions of the testimony for

4  which protection is sought and to specify the level of protection being asserted.

5  Only those portions of the testimony that are appropriately designated for protection

6  within the 21 days shall be covered by the provisions of this Stipulated Protective

7  Order.  Alternatively, a Designating Party may specify, up to 21 days after the

8  Designating Party receives a transcript of the testimony in deposition or in other

9  pretrial or trial proceedings, that the entire transcript shall be treated as

10  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

11  ONLY."

12       Parties shall give the other parties notice if they reasonably expect a

13  deposition, hearing or other proceeding to include Protected Material so that the

14  other parties can ensure that only authorized individuals who have signed the

15  "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those

16  proceedings. The use of a document as an exhibit at a deposition shall not in any

17  way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

18  ATTORNEYS' EYES ONLY."

19       (c) for information produced in some form other than documentary and for

20  any other tangible items, that the Producing Party affix in a prominent place on the

21  exterior of the container or containers in which the information or item is stored the

22  legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

23  EYES ONLY."  If only a portion or portions of the information or item warrant

24  protection, the Producing Party, to the extent practicable, shall identify the protected

25  portion(s) and specify the level of protection being asserted.

26     5.3  <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent

27  failure to designate qualified information or items does not, standing alone, waive

28  the Designating Party's right to secure protection under this Order for such material.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2950644

- 5 -

STIPULATED PROTECTIVE ORDER

1    Upon timely correction of a designation, the Receiving Party must make reasonable

2    efforts to assure that the material is treated in accordance with the provisions of this

3    Order.

4        6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5        6.1    Timing of Challenges. Any Party or Non-Party may challenge a

6    designation of confidentiality at any time. Unless a prompt challenge to a

7    Designating Party's confidentiality designation is necessary to avoid foreseeable,

8    substantial unfairness, unnecessary economic burdens, or a significant disruption or

9    delay of the litigation, a Party does not waive its right to challenge a confidentiality

10   designation by electing not to mount a challenge promptly after the original

11   designation is disclosed.

12       6.2    Meet and Confer. The Challenging Party shall initiate the dispute

13   resolution process by providing written notice of each designation it is challenging

14   and describing the basis for each challenge. To avoid ambiguity as to whether a

15   challenge has been made, the written notice must recite that the challenge to

16   confidentiality is being made in accordance with this specific paragraph of the

17   Protective Order. The parties shall attempt to resolve each challenge in good faith

18   and must begin the process by conferring directly (in voice to voice dialogue; other

19   forms of communication are not sufficient) within 14 days of the date of service of

20   notice. In conferring, the Challenging Party must explain the basis for its belief that

21   the confidentiality designation was not proper and must give the Designating Party

22   an opportunity to review the designated material, to reconsider the circumstances,

23   and, if no change in designation is offered, to explain the basis for the chosen

24   designation. A Challenging Party may proceed to the next stage of the challenge

25   process only if it has engaged in this meet and confer process first or establishes that

26   the Designating Party is unwilling to participate in the meet and confer process in a

27   timely manner.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2950644

- 6 -

STIPULATED PROTECTIVE ORDER

1       6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without

2 court intervention, the Designating Party shall file and serve a motion to retain

3 confidentiality within 14 days of the parties agreeing that the meet and confer

4 process will not resolve their dispute, whichever is earlier.  In addition, the

5 Challenging Party may file a motion challenging a confidentiality designation at any

6 time if there is good cause for doing so, including a challenge to the designation of a

7 deposition transcript or any portions thereof. Any motion brought pursuant to this

8 provision must be accompanied by a competent declaration affirming that the

9 movant has complied with the meet and confer requirements imposed by the

10 preceding paragraph.

11       The burden of persuasion in any such challenge proceeding shall be on the

12 Designating Party. Frivolous challenges and those made for an improper purpose

13 (e.g., to harass or impose unnecessary expenses and burdens on other parties) may

14 expose the Challenging Party to sanctions. Unless the Designating Party has waived

15 the confidentiality designation by failing to file a motion to retain confidentiality as

16 described above, all parties shall continue to afford the material in question the level

17 of protection to which it is entitled under the Producing Party's designation until the

18 court rules on the challenge.

19       7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

20       7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is

21 disclosed or produced by another Party or by a Non-Party in connection with this

22 case only for prosecuting, defending, or attempting to settle this litigation. Such

23 Protected Material may be disclosed only to the categories of persons and under the

24 conditions described in this Order. When the litigation has been terminated, a

25 Receiving Party must comply with the provisions of section 15 below (FINAL

26 DISPOSITION).

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2950644

- 7 -

STIPULATED PROTECTIVE ORDER

1    Protected Material must be stored and maintained by a Receiving Party at a
2 location and in a secure manner that ensures that access is limited to the persons
3 authorized under this Order.

4    7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless
5 otherwise ordered by the court or permitted in writing by the Designating Party, a
6 Receiving Party may disclose any information or item designated
7 "CONFIDENTIAL" only to:

8    (a) the Receiving Party's Outside Counsel of Record in this action, as well as
9 employees of said Outside Counsel of Record to whom it is reasonably necessary to
10 disclose the information for this litigation and who have signed the
11 "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit
12 A;

13    (b) the officers, directors, and employees (including House Counsel) of the
14 Receiving Party to whom disclosure is reasonably necessary for this litigation and
15 who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

16    (c) Experts (as defined in this Order) of the Receiving Party to whom
17 disclosure is reasonably necessary for this litigation and who have signed the
18 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

19    (d) the court and its personnel;

20    (e) court reporters and their staff, professional jury or trial consultants, and
21 Professional Vendors to whom disclosure is reasonably necessary for this litigation
22 and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
23 A);

24    (f) during their depositions, witnesses in the action to whom disclosure is
25 reasonably necessary and who have signed the "Acknowledgment and Agreement to
26 Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered
27 by the court. Pages of transcribed deposition testimony or exhibits to depositions
28 that reveal Protected Material must be separately bound by the court reporter and

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2950644

- 8 -

STIPULATED PROTECTIVE ORDER

1  may not be disclosed to anyone except as permitted under this Stipulated Protective

2  Order.

3    (g) the author or recipient of a document containing the information or a

4  custodian or other person who otherwise possessed or knew the information.

5    7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

6  ONLY" Information or Items. Unless otherwise ordered by the court or permitted in

7  writing by the Designating Party, a Receiving Party may disclose any information or

8  item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only

9  to:

10    (a) the Receiving Party's Outside Counsel of Record in this action, as well as

11  employees of said Outside Counsel of Record to whom it is reasonably necessary to

12  disclose the information for this litigation and who have signed the

13  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

14  A;

15    (b) Designated House Counsel of the Receiving Party (1) who has no

16  involvement in competitive decision-making, (2) to whom disclosure is reasonably

17  necessary for this litigation, (3) who has signed the "Acknowledgment and

18  Agreement to Be Bound" (Exhibit A), and (4) as to whom the procedures set forth in

19  paragraph 7.4(a)(1), below, have been followed;

20    (c) Experts of the Receiving Party (1) to whom disclosure is reasonably

21  necessary for this litigation, (2) who have signed the "Acknowledgment and

22  Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in

23  paragraph 7.4(a)(2), below, have been followed;

24    (d) the court and its personnel;

25    (e) court reporters and their staff, professional jury or trial consultants, and

26  Professional Vendors to whom disclosure is reasonably necessary for this litigation

27  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

28  A); and

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2950644

- 9 -

STIPULATED PROTECTIVE ORDER

1    (f) the author or recipient of a document containing the information or a

2  custodian or other person who otherwise possessed or knew the information.

3    7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY</u>

4  <u>CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items to</u>

5  <u>Designated House Counsel or Experts</u>.

6    (a)(1) Unless otherwise ordered by the court or agreed to in writing by the

7  Designating Party, a Party that seeks to disclose to Designated House Counsel any

8  information or item that has been designated "HIGHLY CONFIDENTIAL –

9  ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a

10  written request to the Designating Party that (1) sets forth the full name of the

11  Designated House Counsel and the city and state of his or her residence, and (2)

12  describes the Designated House Counsel's current and reasonably foreseeable future

13  primary job duties and responsibilities in sufficient detail to determine if House

14  Counsel is involved, or may become involved, in any competitive decision-making.

15    (a)(2) Unless otherwise ordered by the court or agreed to in writing by the

16  Designating Party, a Party that seeks to disclose to an Expert (as defined in this

17  Order) any information or item that has been designated "HIGHLY

18  CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(c)

19  first must make a written request to the Designating Party that (1) identifies the

20  general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

21  information that the Receiving Party seeks permission to disclose to the Expert, (2)

22  sets forth the full name of the Expert and the city and state of his or her primary

23  residence, (3) attaches a copy of the Expert's current resume, (4) identifies the

24  Expert's current employer(s), (5) identifies each person or entity from whom the

25  Expert has received compensation or funding for work in his or her areas of

26  expertise or to whom the expert has provided professional services, including in

27  connection with a litigation, at any time during the preceding five years, and (6)

28  identifies (by name and number of the case, filing date, and location of court) any

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2950644

- 10 -

STIPULATED PROTECTIVE ORDER

1 litigation in connection with which the Expert has offered expert testimony,

2 including through a declaration, report, or testimony at a deposition or trial, during

3 the preceding five years.

4      (b) A Party that makes a request and provides the information specified in the

5 preceding respective paragraphs may disclose the subject Protected Material to the

6 identified Designated House Counsel or Expert unless, within 14 days of delivering

7 the request, the Party receives a written objection from the Designating Party. Any

8 such objection must set forth in detail the grounds on which it is based.

9      (c) A Party that receives a timely written objection must meet and confer with

10 the Designating Party (through direct voice to voice dialogue) to try to resolve the

11 matter by agreement within seven days of the written objection. If no agreement is

12 reached, the Party seeking to make the disclosure to Designated House Counsel or

13 the Expert may file a motion seeking permission from the court to do so. Any such

14 motion must describe the circumstances with specificity, set forth in detail the

15 reasons why the disclosure to Designated House Counsel or the Expert is reasonably

16 necessary, assess the risk of harm that the disclosure would entail, and suggest any

17 additional means that could be used to reduce that risk.

18      In any such proceeding, the Party opposing disclosure to Designated House

19 Counsel or the Expert shall bear the burden of proving that the risk of harm that the

20 disclosure would entail (under the safeguards proposed) outweighs the Receiving

21 Party's need to disclose the Protected Material to its Designated House Counsel or

22 Expert.

23     8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>

24 <u>PRODUCED IN OTHER LITIGATION</u>

25      If a Party is served with a subpoena or a court order issued in other litigation

26 that compels disclosure of any information or items designated in this action as

27 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

28 ONLY" that Party must:

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2950644

- 11 -

STIPULATED PROTECTIVE ORDER

1    (a) promptly notify in writing the Designating Party. Such notification shall
2 include a copy of the subpoena or court order;

3    (b) promptly notify in writing the party who caused the subpoena or order to
4 issue in the other litigation that some or all of the material covered by the subpoena
5 or order is subject to this Protective Order. Such notification shall include a copy of
6 this Stipulated Protective Order; and

7    (c) cooperate with respect to all reasonable procedures sought to be pursued
8 by the Designating Party whose Protected Material may be affected.

9    If the Designating Party timely seeks a protective order, the Party served with
10 the subpoena or court order shall not produce any information designated in this
11 action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
12 EYES ONLY" before a determination by the court from which the subpoena or
13 order issued, unless the Party has obtained the Designating Party's permission. The
14 Designating Party shall bear the burden and expense of seeking protection in that
15 court of its confidential material – and nothing in these provisions should be
16 construed as authorizing or encouraging a Receiving Party in this action to disobey a
17 lawful directive from another court.

18    9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
19 PRODUCED IN THIS LITIGATION

20    (a)    The terms of this Order are applicable to information produced by a
21 Non-Party in this action and designated as "CONFIDENTIAL" "HIGHLY
22 CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by
23 Non-Parties in connection with this litigation is protected by the remedies and relief
24 provided by this Order. Nothing in these provisions should be construed as
25 prohibiting a Non-Party from seeking additional protections.

26    (b)    In the event that a Party is required, by a valid discovery request, to
27 produce a Non-Party's confidential information in its possession, and the Party is

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2950644

- 12 -

STIPULATED PROTECTIVE ORDER

1    subject to an agreement with the Non-Party not to produce the Non-Party's

2    confidential information, then the Party shall:

3       1.      promptly notify in writing the Requesting Party and the Non-Party that

4    some or all of the information requested is subject to a confidentiality agreement

5    with a Non-Party;

6       2.      promptly provide the Non-Party with a copy of the Stipulated

7    Protective Order in this litigation, the relevant discovery request(s), and a

8    reasonably specific description of the information requested; and

9       3.      make the information requested available for inspection by the Non-

10    Party.

11       (c)     If the Non-Party fails to object or seek a protective order from this

12    court within 14 days of receiving the notice and accompanying information, the

13    Receiving Party may produce the Non-Party's confidential information responsive to

14    the discovery request. If the Non-Party timely seeks a protective order, the

15    Receiving Party shall not produce any information in its possession or control that is

16    subject to the confidentiality agreement with the Non-Party before a determination

17    by the court. Absent a court order to the contrary, the Non-Party shall bear the

18    burden and expense of seeking protection in this court of its Protected Material.

19       10.     <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

20       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

21    Protected Material to any person or in any circumstance not authorized under this

22    Stipulated Protective Order, the Receiving Party must immediately (a) notify in

23    writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

24    to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

25    persons to whom unauthorized disclosures were made of all the terms of this Order,

26    and (d) request such person or persons to execute the "Acknowledgment and

27    Agreement to Be Bound" that is attached hereto as Exhibit A.

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2950644

- 13 -

STIPULATED PROTECTIVE ORDER

1    11.    INADVERTENT PRODUCTION OF PRIVILEGED OR
2    OTHERWISE PROTECTED MATERIAL

3         When a Producing Party gives notice to Receiving Parties that certain
4    inadvertently produced material is subject to a claim of privilege or other protection,
5    the obligations of the Receiving Parties are those set forth in Federal Rule of Civil
6    Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure
7    may be established in an e-discovery order that provides for production without
8    prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar
9    as the parties reach an agreement on the effect of disclosure of a communication or
10   information covered by the attorney-client privilege or work product protection, the
11   parties may incorporate their agreement in the stipulated protective order submitted
12   to the court.

13   12.    MISCELLANEOUS

14        12.1   Right to Further Relief. Nothing in this Order abridges the right of any
15   person to seek its modification by the court in the future.

16        12.2   Right to Assert Other Objections. By stipulating to the entry of this
17   Protective Order no Party waives any right it otherwise would have to object to
18   disclosing or producing any information or item on any ground not addressed in this
19   Stipulated Protective Order. Similarly, no Party waives any right to object on any
20   ground to use in evidence of any of the material covered by this Protective Order.

21        12.3   Filing Protected Material. Without written permission from the
22   Designating Party or a court order secured after appropriate notice to all interested
23   persons, a Party may not file in the public record in this action any Protected
24   Material.  Protected Material may only be filed under seal pursuant to a court order
25   authorizing the sealing of the specific Protected Material at issue.

26   13.    FINAL DISPOSITION

27        Within 60 days after the final disposition of this action, as defined in
28   paragraph 4, each Receiving Party must return all Protected Material to the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2950644

- 14 -

STIPULATED PROTECTIVE ORDER

1  Producing Party or destroy such material. As used in this subdivision, "all Protected

2  Material" includes all copies, abstracts, compilations, summaries, and any other

3  format reproducing or capturing any of the Protected Material. Whether the

4  Protected Material is returned or destroyed, the Receiving Party must submit a

5  written certification to the Producing Party (and, if not the same person or entity, to

6  the Designating Party) by the 60-day deadline that (1) identifies (by category, where

7  appropriate) all the Protected Material that was returned or destroyed and (2) affirms

8  that the Receiving Party has not retained any copies, abstracts, compilations,

9  summaries or any other format reproducing or capturing any of the Protected

10  Material. Notwithstanding this provision, Counsel are entitled to retain an archival

11  copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal

12  memoranda, correspondence, deposition and trial exhibits, expert reports, attorney

13  work product, and consultant and expert work product, even if such materials

14  contain Protected Material. Any such archival copies that contain or constitute

15  Protected Material remain subject to this Protective Order as set forth in Section 4

16  (DURATION).

17      IT IS SO STIPULATED.

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2950644

- 15 -

STIPULATED PROTECTIVE ORDER

1  Dated:  January 6, 2014                        IRELL & MANELLA LLP
                                                 John C. Hueston
2                                                Andra Barmash Greene
                                                 Christopher D. Vieira
3

4                                                By: _/s/ Andra Barmash Greene_

5                                                    Andra Barmash Greene
                                                     Attorneys for Defendants
6                                                    Natural Balance, Inc., Nutraceutical
                                                     International Corporation, and
7                                                    Nutraceutical Corporation

8  Dated:  January 6, 2014                        THE WESTON FIRM

9

10                                               By: _/s/ Gregory S. Weston_

11                                                   Gregory S. Weston
                                                     Melanie Persinger
                                                     Paul Joseph

12
                                                     Attorneys for Plaintiffs and the
13                                                   Proposed Class

14

15  PURSUANT TO STIPULATION, IT IS SO ORDERED.

16

17  DATED:  _JAN. 7_____, 2014

18

19                                               The Honorable Charles F. Eick
                                                 United States Magistrate Judge
20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2950644

STIPULATED PROTECTIVE ORDER

1       ## EXHIBIT A

2       ## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3           I, _____, declare under penalty of perjury that I

4   have read in its entirety and understand the Stipulated Protective Order that was

5   issued by the United States District Court for the Central District of California on

6   [date] in the case of Ortega, et al. v. Natural Balance, Inc., et al., Central District of

7   California Case No. CV 13-05942 ABC (Ex).  I agree to comply with and to be

8   bound by all the terms of this Stipulated Protective Order and I understand and

9   acknowledge that failure to so comply could expose me to sanctions and punishment

10  in the nature of contempt. I solemnly promise that I will not disclose in any manner

11  any information or item that is subject to this Stipulated Protective Order to any

12  person or entity except in strict compliance with the provisions of this Order.

13          I further agree to submit to the jurisdiction of the United States District Court

14  for the Central District of California for the purpose of enforcing the terms of this

15  Stipulated Protective Order, even if such enforcement proceedings occur after

16  termination of this action.

17          I hereby appoint _____ as my California agent for

18  service of process in connection with this action or any proceedings related to

19  enforcement of this Stipulated Protective Order.

20

21  Date: _____

22  City and State where sworn and signed: _____

23

24  Printed name: _____

25

26  Signature: _____

27

28

- 17 -

2944323

STIPULATED PROTECTIVE ORDER