1  IRELL & MANELLA LLP
   John C. Hueston (164921)
2  *jhueston@irell.com*
   Andra Barmash Greene (123931)
3  *agreene@irell.com*
   Christopher D. Vieira (273781)
4  *cvieira@irell.com*
   840 Newport Center Drive, Suite 400
5  Newport Beach, California 92660-6324
   Telephone:  (949) 760-0991
6  Facsimile:   (949) 760-5200

7  MONROY, AVERBUCK & GYSLER
   Jon F. Monroy (51175)
8  Jennifer E. Gysler (143449)
   32123 Lindero Canyon Road, Suite 301
9  Westlake Village, California  91361
   Telephone: (818) 889-0661
10 Facsimile: (818) 889-0667

11 Attorneys for Defendants
   NATURAL BALANCE, INC. AND
12 NUTRACEUTICAL
   INTERNATIONAL CORP.

13

14                UNITED STATES DISTRICT COURT

15               CENTRAL DISTRICT OF CALIFORNIA

16                    WESTERN DIVISION

17 FRANK ORTEGA and TROY          )  Case No. 2:13-cv-05942-ABC-E
   LAMBERT, on behalf of themselves )
18 and all others similarly situated, )
                                   )  **DEFENDANTS NUTRACEUTICAL**
19            Plaintiffs,          )  **INTERNATIONAL CORP.'S AND**
                                   )  **NATURAL BALANCE, INC.'S**
20       vs.                       )  **NOTICE OF MOTION AND**
                                   )  **RENEWED MOTION TO DISMISS**
21 NATURAL BALANCE, INC., a        )  **PLAINTIFFS' SECOND AMENDED**
   Delaware Corporation, and       )  **COMPLAINT**
22 NUTRACEUTICAL CORP., a          )
   Delaware Corporation, and       )
23 NUTRACEUTICAL                   )  Date:    June 16, 2014
   INTERNATIONAL CORP., a Delaware )  Time:    10:00 a.m.
24 Corporation.                    )  Judge:   Hon. Audrey B. Collins
                                   )  Courtroom:  680
25            Defendants.          )
   _____)

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ...............................................................................................1

II.  BACKGROUND ................................................................................................2

III.  PLAINTIFFS HAVE THE BURDEN TO PROVE THAT
PERSONAL JURISDICTION OVER DEFENDANTS IS
PROPER ..............................................................................................................3

IV.  PLAINTIFFS CANNOT PROVE THAT DEFENDANTS ARE
SUBJECT TO GENERAL JURISDICTION IN CALIFORNIA ..................4

   A.  Nutraceutical International is not subject to general
       jurisdiction in California. .....................................................................5

       1.  Plaintiffs do not have any evidence that
           Nutraceutical International is subject to general
           jurisdiction in California..........................................................6

   B.  Natural Balance, Inc. is not subject to general jurisdiction
       in California. .......................................................................................10

       1.  Plaintiffs do not have any evidence that Natural
           Balance, Inc. is subject to general jurisdiction in
           California. ................................................................................11

V.  PLAINTIFFS CANNOT PROVE THAT DEFENDANTS ARE
SUBJECT TO SPECIFIC JURISDICTION IN CALIFORNIA.................13

   A.  Nutraceutical International is not subject to specific
       jurisdiction in California. ...................................................................13

   B.  Natural Balance, Inc. is not subject to specific jurisdiction
       in California. .......................................................................................14

VI.  CONCLUSION ................................................................................................15

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*,
  223 F.3d 1082 (9th Cir. 2000) ...................................................................... 4, 6

*Boschetto v. Hansing*,
  539 F.3d 1011 (9th Cir. 2008) ........................................................................ 3

*Calvert v. Huckins*,
  875 F. Supp. 674 (E.D. Cal. 1995) ................................................................. 7

*CollegeSource, Inc. v. AcademyOne, Inc.*,
  653 F.3d 1066 (9th Cir. 2011) ................................................................. 3, 4, 6

*International Shoe Co. v. Washington*,
  326 U.S. 310 (1945) ....................................................................................... 4

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ............................................................... 3, 4, 13

## Statutes

Cal. Civ. Proc. Code § 410.10 ................................................................................ 3

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3047767                                    DEFS' RENEWED MOTION TO DISMISS SAC

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 16, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Audrey B. Collins in Courtroom 680 of the United States District Court for the Central District of California, located at 255 East Temple Street, Los Angeles, California 90012, Defendants Nutraceutical International Corporation ("Nutraceutical International") and Natural Balance, Inc. (collectively "Defendants") will move for an order to dismiss the Second Amended Complaint in the above-titled action for lack of personal jurisdiction.  In the alternative, Defendants will request an order to grant partial summary judgment in the above-titled action for lack of personal jurisdiction.

This Renewed Motion is based upon this Notice of Motion and Renewed Motion, the accompanying Memorandum of Points and Authorities, the previously filed Affidavits and Supplemental Affidavits of Jeffrey Hinrichs and Christopher Neuberger, the Declaration of Christopher Vieira, and such other evidence as the Court may permit before or during the hearing of this Renewed Motion.

This Renewed Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place – at Plaintiffs' insistence – on May 13, 2014. Defendants attempted in good faith to meet and confer with Plaintiffs on or before May 12, 2014, but Plaintiffs would not meet and confer until May 13, 2014.  Since this is a renewed motion that was previously briefed, a short meet and confer should have been simple to schedule.  It was not.  Plaintiffs are represented by eight attorneys.  However, when Defendants repeatedly tried to schedule a meet and confer to take place on or before May 12, none of Plaintiffs' eight attorneys said that he or she could be available.  Despite this apparent mass unavailability, Plaintiffs refused to agree that Defendants' May 13 meet and confer was timely under the local rules.  When the Parties ultimately met and conferred, the conference lasted for approximately eight minutes.  Plaintiffs have yet to explain why one of their eight attorneys was not available for a brief meet and confer on May 7, 2014 (the date that

1   Defendants first requested a meet and confer), May 8, 2014, May 9, 2014, or May

2   12, 2014 and why Plaintiffs refused to waive Local Rule 7-3's seven day

3   requirement.  For the Court's convenience, the Parties' meet and confer

4   correspondence is attached as Exhibits 9-10 to the Vieira Declaration.

5

6   Dated:  May 19, 2014                          IRELL & MANELLA LLP
                                                   John C. Hueston
7                                                  Andra Barmash Greene
                                                   Christopher D. Vieira
8
9                                                  By:  */s/ Andra Barmash Greene*
                                                   _____
10                                                      Andra Barmash Greene
                                                       Attorneys for Defendants
11                                                     Nutraceutical International
                                                       Corporation and Natural Balance, Inc.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3047767

- 2 -

DEFS' RENEWED MOTION TO DISMISS SAC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

This is a Renewed Motion to Dismiss Defendants Nutraceutical International Corp. ("Nutraceutical International") and Natural Balance, Inc. (collectively "Defendants") from this litigation because they are not subject to personal jurisdiction in California.  Plaintiffs have known this fact for months, yet they still refuse to voluntarily dismiss Nutraceutical International and Natural Balance, Inc.

In their second sets of interrogatories, Nutraceutical International and Natural Balance, Inc. asked Plaintiffs to "state all evidence" supporting their contentions that Defendants are subject to general and specific jurisdiction in California.  Plaintiffs' responses, which were served on May 1, 2014, confirmed that Plaintiffs still have no evidence that Defendants are subject to personal jurisdiction in California.  Instead of disclosing actual evidence, Plaintiffs recited the same incorrect, unsupported assertions that they raised in their Opposition to Defendants' original Motion to Dismiss for lack of personal jurisdiction.  The Court previously concluded that Plaintiffs' so-called "evidence" was "slim" and that some of it is "not relevant to either NIC or NBI."  (Dkt. No. 54 at 3.)  However, the Court denied Defendants' Motion without prejudice to "allow for discovery as to jurisdiction." (*Id.*)  Plaintiffs have had over five months to complete their discovery.  And although they deposed Defendants' affiants, Mr. Hinrichs and Mr. Neuberger, and received responses to 177 Requests for Production of Documents, 40 Requests for Admission, and 10 Interrogatories, Plaintiffs did not (and cannot) identify *any* evidence that Defendants are subject to personal jurisdiction in California.

Defendants have been forthcoming about their (lack of) contacts with California, their subsidiaries' contacts with California, and their relationships to Natural Balance™ Cobra Sexual Energy.  Plaintiffs know from discovery responses and testimony in this case that:  (1) Nutraceutical Corporation sells Natural Balance™ Cobra Sexual Energy; (2) Nutraceutical International is a holding

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3047767

DEFS' RENEWED MOTION TO DISMISS SAC

company with no real property, business activities, employees, or involvement with Natural Balance™ Cobra Sexual Energy; and (3) Natural Balance, Inc. is an inactive corporation with no real property, business activities, employees, or involvement with Natural Balance™ Cobra Sexual Energy.  Yet despite this, Plaintiffs still refuse to dismiss Nutraceutical International and Natural Balance, Inc.  The Court previously instructed that "[f]ollowing jurisdictional discovery, the Court expects Plaintiffs' counsel to continue to name NIC and NBI as defendants **only if** they can do so consistent with Fed. R. Civ. P. 11." (*Id.* (emphasis in original).)  The Court also stated that if jurisdictional discovery demonstrated that "NIC and/or NBI are not subject to [the] Court's jurisdiction" the Court "expect[ed] Plaintiffs to voluntarily dismiss NIC and/or NBI [to] . . . avoid burdening the Court" with additional motion practice. (*Id.*)  Plaintiffs ignored the Court's instruction and created a need for Defendants to file this Renewed Motion.  Defendants respectfully request that the Court do what Plaintiffs should, but refuse to do – dismiss Nutraceutical International and Natural Balance, Inc. for lack of personal jurisdiction.

## II.   **BACKGROUND**

This case's relevant jurisdictional facts were thoroughly discussed in Defendants' previous Motion to Dismiss.  However, Defendants briefly reiterate that Nutraceutical International and Natural Balance, Inc. are both Delaware corporations with principal places of business in Park City, Utah.  (Hinrichs Affidavit (Dkt. No. 34-1) ¶ 3; Neuberger Affidavit (Dkt. No. 34-2) ¶ 2.)  Neither company has ever had physical facilities in California, nor have they owned or leased real property in the state.  (Hinrichs Affidavit (Dkt. No. 34-1) ¶ 4; Neuberger Affidavit (Dkt. No. 34-2) ¶ 3.)  Neither company has ever had employees, offices, or bank accounts in California.  (*Id.*)  Nutraceutical International and Natural Balance, Inc. have never been registered to do business in California, nor have they had registered agents in California or paid taxes in the state.  (Hinrichs Affidavit (Dkt.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3047767

- 2 -

DEFS' RENEWED MOTION TO DISMISS SAC

No. 34-1) ¶ 5; Neuberger Affidavit (Dkt. No. 34-2) ¶ 4.)  Finally, neither company has ever promoted, manufactured, distributed, marketed, advertised, or sold any products in California.  (Hinrichs Affidavit (Dkt. No. 34-1) ¶¶ 6-7; Neuberger Affidavit (Dkt. No. 34-1) ¶¶ 5-8, 12-13.)  For these reasons and others discussed below, Defendants are not subject to personal jurisdiction in California and should be dismissed from this case.

## III.  PLAINTIFFS HAVE THE BURDEN TO PROVE THAT PERSONAL JURISDICTION OVER DEFENDANTS IS PROPER

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a plaintiff's complaint for lack of personal jurisdiction.  When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff has the burden to prove that jurisdiction is proper.  *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  To meet this burden, a plaintiff cannot "simply rest on the bare allegations of [his] complaint[.]"  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  Rather, a plaintiff must present evidence that demonstrates that a defendant is subject to personal jurisdiction in the plaintiff's chosen forum.  In determining whether a plaintiff has carried his burden, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit[.]"  *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073-74 (9th Cir. 2011).  However, any factual disputes between the evidence that the plaintiff presents and the evidence that the defendant presents is resolved in the plaintiff's favor.  *Id.*

Where a federal statute does not authorize personal jurisdiction over a plaintiff's claims, a district court applies the law of the state in which the court sits in order to determine whether jurisdiction is proper.  *Id.*  California's long-arm statute permits local courts to exercise jurisdiction "on any basis not inconsistent with the Constitution of [the] state or of the United States."  Cal. Civ. Proc. Code § 410.10.  The statute is "coextensive with federal due process requirements, [so] the

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3047767

- 3 -

DEFS' RENEWED MOTION TO DISMISS SAC

1 jurisdictional analyses under state law and federal due process are the same."

2 *Schwarzenegger*, 374 F.3d at 800-01. For the Court to exercise personal jurisdiction

3 over Defendants, Plaintiffs must establish that Defendants each have "minimum

4 contacts" with California such that this Court's exercise of jurisdiction will "not

5 offend traditional notions of fair play and substantial justice." *Id.* at 801 (quoting

6 *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

7      There are two forms of personal jurisdiction that a forum state may exercise

8 over a defendant: general jurisdiction and specific jurisdiction. Neither is applicable

9 to Defendants here.

10 **IV.   PLAINTIFFS CANNOT PROVE THAT DEFENDANTS ARE**

11         **SUBJECT TO GENERAL JURISDICTION IN CALIFORNIA**

12      For a court to exercise general jurisdiction over a defendant, "the defendant

13 must engage in 'continuous and systematic business contacts' . . . that 'approximate

14 physical presence' in the forum state." *CollegeSource*, 653 F.3d at 1074 (citations

15 omitted). The general jurisdiction standard is "fairly high[,]" *Bancroft & Masters,*

16 *Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000), and "exacting"

17 because "a finding of general jurisdiction permits a defendant to be hauled into court

18 in the forum state to answer for any of its activities anywhere in the world[,]"

19 *Schwarzenegger*, 374 F.3d at 801.

20      To determine whether a defendant's forum contacts "are sufficiently

21 substantial, continuous, and systematic" to trigger general jurisdiction, courts

22 consider the "longevity, continuity, volume, [and] economic impact" of those

23 contacts along with the defendant's "physical presence" in the forum state and the

24 defendant's "integration into the state's regulatory or economic markets."

25 *CollegeSource*, 653 F.3d at 1074. Courts also consider whether a defendant "makes

26 sales, solicits or engages in business in the state, serves the state's markets,

27 designates an agent for service of process, holds a license, or is incorporated" in the

28 state. *Bancroft & Masters*, 223 F.3d at 1086.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3047767

- 4 -

DEFS' RENEWED MOTION TO DISMISS SAC

1   Defendants' contacts with California (or lack thereof) do not meet the high

2   standards for general jurisdiction in California.

3       A.      Nutraceutical International is not subject to general jurisdiction in

4               California.

5       As discussed in its previous Motion to Dismiss, Nutraceutical International

6   does not have "continuous and systematic business contacts" in California.  In fact,

7   it does not have *any* business contacts in the state.  Nutraceutical International is a

8   publicly traded holding company.  (Hinrichs Affidavit (Dkt. No. 34-1) ¶ 2; Vieira

9   Decl. Ex. 1 ("Hinrichs Depo. Tr.") at 68:3-12; 216:8-16; 225:3-6.)  It is incorporated

10  in Delaware and its principal place of business is in Park City, Utah.  (Hinrichs

11  Affidavit (Dkt. No. 34-1) ¶ 3; Hinrichs Depo. Tr. at 146:13-16; 217:2-5; 225:7-10.)

12  Nutraceutical International has never had physical facilities in California, nor has it

13  owned or leased real property in the state.  (Hinrichs Affidavit (Dkt. No. 34-1) ¶ 4;

14  Hinrichs Depo. Tr. at 88:8-89:2; 147:12-24;152:10-21; 216:17-22; 217:6-12.)

15  Nutraceutical International has never had employees, offices, or bank accounts in

16  California.  (Hinrichs Affidavit (Dkt. No. 34-1) ¶ 4; Hinrichs Depo. Tr. at

17  146:17-22; 155:1-3; 217:6-12; 225:11-15.)  It has also never been registered to do

18  business in California, nor has it had registered agents in California or paid taxes in

19  the state.  (Hinrichs Affidavit (Dkt. No. 34-1) ¶ 5; Hinrichs Depo. Tr. at 217:13-21.)

20  Finally, because it is only a holding company, Nutraceutical International has never

21  promoted, manufactured, distributed, marketed, advertised, or sold any products in

22  California (or anywhere else), including Natural Balance™ Cobra Sexual Energy.

23  (Hinrichs Affidavit (Dkt. No. 34-1) ¶¶ 6-7; Hinrichs Depo. Tr. at 97:19-25;

24  98:11-16; 100:23-25; 102:13-17.)  Indeed, Mr. Hinrichs clearly testified that

25  **Nutraceutical Corporation** sells Natural Balance™ Cobra Sexual Energy, not

26  Nutraceutical International.  (Hinrichs Depo. Tr. at 97:19-25; 98:11-16; 102:13-14.)

27      Simply put, Nutraceutical International does not have any meaningful

28  contacts with California, much less the types of contacts that "approximate physical

1   presence" in the state.  General jurisdiction does not apply in this case.  *See*

2   *CollegeSource*, 653 F.3d at 1074 (finding that general jurisdiction did not exist over

3   the defendant because it had no offices or staff in California, was not registered to

4   do business in California, did not have a registered agent for service of process in

5   the state, and did not pay any California taxes); *Bancroft & Masters*, 223 F.3d at

6   1086 (finding no general jurisdiction because the defendant was not registered or

7   licensed to do business in California, paid no taxes in California, did not have bank

8   accounts in California, and did not target any advertising into California).

9           1.   Plaintiffs do not have any evidence that Nutraceutical

10               International is subject to general jurisdiction in California.

11          Nutraceutical International recently asked Plaintiffs to "state all evidence

12  supporting [their] contention that Nutraceutical International Corp. is subject to

13  general jurisdiction in California."  (Vieira Decl. Ex. 2 (Ortega's Responses to

14  Nutraceutical International's Interrogatories) at Interrogatory No. 3; Vieira Decl.

15  Ex. 3 (Lambert's Responses to Nutraceutical International's Interrogatories) at

16  Interrogatory No. 3.)  Plaintiffs responded to Nutraceutical International's

17  interrogatories on May 1, 2014.  Although they deposed Defendants' affiants, Mr.

18  Hinrichs and Mr. Neuberger, and received responses to 177 Requests for Production

19  of Documents, 40 Requests for Admission, and 10 Interrogatories, Plaintiffs could

20  not identify *any* evidence that Nutraceutical International is subject to general

21  jurisdiction in California.  Instead, Plaintiffs' interrogatory responses merely

22  regurgitated the same "slim" assertions that the Court addressed in its Order on

23  Defendants' original Motion to Dismiss.  (*See* Dkt. no. 54 at 3.)  Plaintiffs' responses

24  are unsupported and contrary to the evidence that Plaintiffs developed in discovery.

25          a.   Nutraceutical International does not own property in

26               California.

27          Plaintiffs contend that Nutraceutical International is subject to general

28  jurisdiction in California because:

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

- "Starting in 1995, Nutraceutical International Corp. [] purchased KAL, a company NIC proudly touts as having started in Southern California[.]"

- "From 2002 to 2004, NIC purchased five 'neighborhood natural food markets', which it still owns and operates under the trade names The Real Food Company, Thom's Natural Foods and Cornucopia Market."

- "NIC has indicated several of its principle [*sic*] properties are located in California, including: (1) Neighborhood natural food markets in San Francisco, California; (2) Transitional warehouse and offices in Garden Grove, California; (3) Produce warehouses in San Francisco, California; and (4) Transitional offices in Larkspur, California."

(Vieira Decl. Ex. 2 at Interrogatory No. 3; Vieira Decl. Ex. 3 at Interrogatory No. 3.)

Plaintiffs' assertions are based on an incorrect reading of Nutraceutical International's annual reports.  As it explained in its previous Motion to Dismiss, Nutraceutical International files one annual report that collectively discusses ***its and all of its direct and indirect subsidiaries'*** financial activities, business activities, and property holdings.  (Dkt. No. 46 at 4; *see also* Hinrichs Depo. Tr. at 58:11-15; 88:16-89:2.)  This is a common business practice that is favored by generally accepted accounting principles and permitted by the Securities and Exchange Commission.  *See Calvert v. Huckins*, 875 F. Supp. 674, 678-79 (E.D. Cal. 1995).  Indeed, as discussed previously, Nutraceutical International's annual reports clearly state that they refer to Nutraceutical International and its subsidiaries' activities and property holdings collectively.  (Dkt. No. 46 at 5.)  Plaintiffs continue to ignore these critical facts and statements.

Plaintiffs also ignore the deposition testimony that ***they*** elicited from Mr. Hinrichs.  For example, Mr. Hinrichs testified that, contrary to Plaintiffs' unsupported assertion, Nutraceutical International ***did not purchase*** "KAL, a company NIC proudly touts as having started in Southern California[.]"  Instead,

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

1  one of Nutraceutical International's indirect subsidiaries purchased certain assets

2  from KAL.  (Hinrichs Depo. Tr. at 149:7-19; 150:11-151:4.)  Also contrary to

3  Plaintiffs' assertion, Nutraceutical International ***did not purchase*** and has ***never***

4  ***operated*** "five neighborhood natural food markets."  Rather, another of

5  Nutraceutical International's indirect subsidiaries – Fresh Organics, Inc. – owns and

6  operates the stores.  (Hinrichs Depo. Tr. at 157:15-158:14; 159:2-22.)

7        Finally, although Mr. Hinrichs testified that Nutraceutical International does

8  not and has never owned any real property, (Hinrichs Depo. Tr. at 147:12-24;

9  152:10-21; 216:17-22; 217:6-12), Plaintiffs continue to insist that "NIC has

10  indicated several of its principle [*sic*] properties are located in California[.]"

11  However, as already discussed, Fresh Organics, Inc. owns the "natural food markets

12  in San Francisco" referenced in Plaintiffs' interrogatory responses.  The "warehouse

13  and offices in Garden Grove" and the "offices in Larkspur" that are referenced in

14  some of Nutraceutical International's annual reports were leased by M.K. Health

15  Food Distributors, Inc.  (Vieira Decl. Ex. 6-7.)  The "[p]roduce warehouses in San

16  Francisco" that are referenced in some of Nutraceutical International's annual

17  reports were leased by Fresh Organics, Inc.  (Vieira Decl. Ex. 8.)  Thus, contrary to

18  Plaintiffs' assertions, Nutraceutical International has not owned or leased property in

19  California and is not subject to personal jurisdiction in the State.

20              b.        <u>Nutraceutical International does not employ people or sell</u>

21                        <u>products in California.</u>

22        Plaintiffs also wrongly contend that Nutraceutical International is subject to

23  general jurisdiction in California because:

24        •  "NIC has established distribution channels in the Healthy Food

25            Channels with national retailers that sell their products in California[.]"

26        •  "NIC employs a sales force in California, which is dedicated to

27            promoting its product sales in California."

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3047767

- 8 -

DEFS' RENEWED MOTION TO DISMISS SAC

- "NIC employs staff in California, including sales personnel, as evidenced by its multiple job postings for California positions."
- "NIC promotes its products to California residents through its website where it lists its entire catalog of products."
- "NIC [] has substantial sales figures for Products sold in California during the Class Period."

(Vieira Decl. Ex. 2 at Interrogatory No. 3; Vieira Decl. Ex. 3 at Interrogatory No. 3.)

As above, Plaintiffs' assertions totally ignore the deposition testimony that *Plaintiffs* elicited from Mr. Hinrichs.  Mr. Hinrichs repeatedly testified that Nutraceutical International *does not have any employees*, including in California. (Hinrichs Depo. Tr. at 146:17-19; 155:1-3; 217:6-12; 225:11-15; *see also* Hinrichs Affidavit (Dkt. No. 34-1) ¶ 4.)  Thus, because Nutraceutical International does not have employees, it cannot employ a sales force or staff in California.

Plaintiffs' assertions that Nutraceutical International lists job openings on www.nutraceutical.com and "promotes its products" on that website are similarly misguided.  Mr. Hinrichs testified that Nutraceutical International does not post job openings on www.nutraceutical.com.  (Hinrichs Depo. Tr. at 185:19-186:10.) Moreover, as previously discussed, Nutraceutical International does not own or operate the www.nutraceutical.com website – Nutraceutical Corporation does. (Dkt. No. 46 at 7-9; *see also* Hinrichs Supp. Affidavit (Dkt. No. 46-2) ¶¶ 5-6.)  Thus, Plaintiffs' unsupported assertions about Nutraceutical International's purported website are baseless as well.

Finally, Plaintiffs' claim that Nutraceutical International "has established distribution channels" and "substantial sales figures for Products sold in California" also ignores Mr. Hinrichs' deposition testimony.  Mr. Hinrichs testified that aside from holding stock, Nutraceutical International "performs no other business activity."  (Hinrichs Depo. Tr. at 216:8-16.)  He also repeatedly testified that *Nutraceutical Corporation* sells Natural Balance™ Cobra Sexual Energy, *not*

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3047767

- 9 -

DEFS' RENEWED MOTION TO DISMISS SAC

1   ***Nutraceutical International Corporation.*** (Hinrichs Depo. Tr. at 97:19-25;

2   98:11-16; 102:13-17; *see also* Hinrichs Affidavit (Dkt. No. 34-1) ¶¶ 6-7.)

3        Thus, Plaintiffs cannot satisfy their burden to present evidence that

4   demonstrates that Nutraceutical International is subject to general jurisdiction in

5   California. After more than five months of discovery, Plaintiffs still have no

6   evidence that Nutraceutical International Corp. should remain in this case.

7       B.     <u>Natural Balance, Inc. is not subject to general jurisdiction in California.</u>

8        Like Nutraceutical International, Natural Balance, Inc. does not have

9   "continuous and systematic business contacts" in California because, also like

10   Nutraceutical International, Natural Balance, Inc. does not have any business

11   contacts in the state. Natural Balance, Inc. was formed to complete the acquisition

12   of certain assets of another corporation. (Neuberger Affidavit (Dkt. No. 34-2) ¶ 9;

13   Hinrichs Depo. Tr. at 68:24-69:7; 69:21-70:16.) Natural Balance, Inc. did not

14   acquire the Natural Balance brand or trademark (an affiliate did), and after the

15   acquisition, Natural Balance, Inc. assigned the assets that it did acquire to other

16   entities. (Neuberger Affidavit (Dkt. No. 34-2) ¶ 10; Hinrichs Depo. Tr. at

17   94:5-95:8.) Natural Balance, Inc. does not own and has never licensed the Natural

18   Balance brand or the Cobra name. (Neuberger Affidavit (Dkt. No. 34-2) ¶¶ 11-12.)

19   Natural Balance, Inc. has had no involvement with the Natural Balance™ ***brand***

20   Cobra Sexual Energy product for the duration of the class period. (*Id.* ¶ 13.)

21        Natural Balance, Inc. is incorporated in Delaware and its principal place of

22   business is in Park City, Utah. (*Id.* ¶ 2.) Natural Balance, Inc. has never had

23   physical facilities in California, nor has it owned or leased real property in the state.

24   (*Id.* at ¶ 3; Hinrichs Depo. Tr. at 77:1-5; 148:7-12; 153:23-154:4.) Natural Balance,

25   Inc. has never had employees, offices, or bank accounts in California. (Neuberger

26   Affidavit (Dkt. No. 34-2) ¶ 3; Hinrichs Depo. Tr. at 155:4-156:3.)  It has also never

27   been registered to do business in California, nor has it had registered agents in

28   California or paid taxes in the state. (Neuberger Affidavit (Dkt. No. 34-2) ¶ 4.)

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3047767

- 10 -

DEFS' RENEWED MOTION TO DISMISS SAC

Finally, Natural Balance, Inc. has never promoted, manufactured, distributed, marketed, advertised, or sold any products in California.  (*Id.* ¶¶ 5-8, 12-13; Hinrichs Depo. Tr. at 97:19-98:16; 100:23-25; 102:13-17.)  Like Nutraceutical International, Natural Balance, Inc. does not have the types of contacts with California that would "approximate a physical presence" in the state.  Plaintiffs cannot exercise general jurisdiction against Natural Balance, Inc.

      1.    <u>Plaintiffs do not have any evidence that Natural Balance, Inc. is subject to general jurisdiction in California.</u>

Like Nutraceutical International, Natural Balance, Inc. recently asked Plaintiffs to "state all evidence supporting [their] contention that Nutraceutical International Corp. is subject to general jurisdiction in California."  (Vieira Decl. Ex. 4 (Ortega's Responses to Natural Balance, Inc.'s Interrogatories) at Interrogatory No. 3; Vieira Decl. Ex. 5 (Lambert's Responses to Natural Balance, Inc.'s Interrogatories) at Interrogatory No. 3.)  Plaintiffs responded to Natural Balance, Inc.'s interrogatories on May 1, 2014.  Although they deposed Defendants' affiants, Mr. Hinrichs and Mr. Neuberger, and received responses to <u>177</u> Requests for Production of Documents, <u>40</u> Requests for Admission, and <u>10</u> Interrogatories, Plaintiffs could not identify *any* evidence that Natural Balance, Inc. is subject to general jurisdiction in California.  Again, Plaintiffs' interrogatory responses repeated the same unsupported assertions that Plaintiffs previously presented to the Court. Plaintiffs did not identify any new jurisdictional evidence.

      a.    <u>Natural Balance, Inc. does not sell products in California.</u>

Plaintiffs contend that Natural Balance, Inc. is subject to general jurisdiction in California because:

- "NBI markets and sells Cobra Sexual Energy to California residents through its website and established retail distribution chains."

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3047767

- 11 -

DEFS' RENEWED MOTION TO DISMISS SAC

- "NBI facilitates [Cobra Sexual Energy] sales through established distribution channels to retail outlets in California and by selling Cobra over the internet."
- "[T]he [Cobra Sexual Energy] Product's own label directs consumers to send comments or questions to Natural Balance, San Clemente, CA 92672[.]"
- "Defendant Nutraceutical International Corporation's [] annual reports confirm that NBI's product line includes Cobra."
- "Cobra is available for purchase in California through established retail distribution channels, and directly through naturalbalance.com."

(Vieira Decl. Ex. 4 at Interrogatory No. 3; Vieira Decl. Ex. 5 at Interrogatory No. 3.)

Plaintiffs are wrong again. As it explained above and in its previous Motion to Dismiss, Natural Balance, Inc. does not (and has never) promoted, manufactured, distributed, marketed, advertised, or sold any products in California. (*See* Dkt. No. 46 at 11-13.) Indeed, Mr. Hinrichs testified that Natural Balance, Inc. does not currently have any active business operations. (Hinrichs Depo. Tr. at 68:24-69:7; 76:3-7; 95:25-96:3.) Given that, it is not clear how Natural Balance, Inc. can "market[] and sell[] Cobra Sexual Energy" in California.

Furthermore, although Defendants have repeatedly explained the differences between Natural Balance, Inc. and the Natural Balance **brand**, Plaintiffs still continue to insist that the two are one-and-the-same. This is not the case. Natural Balance, Inc. has never owned or licensed the Natural Balance brand or Cobra name. (Neuberger Affidavit (Dkt. No. 34-2) ¶¶ 11-12.) Mr. Hinrichs confirmed this in his deposition. (Hinrichs Depo. Tr. at 94:5-95:8.) Nor does Natural Balance, Inc. own the Natural Balance product line, logo, or website. (Neuberger Supp. Affidavit (Dkt. No. 46-3) ¶¶ 5-6.) Indeed, because of this, statements about "Natural Balance" in Nutraceutical International's annual reports and on the Natural Balance™ Cobra Sexual Energy label refer to the Natural Balance **brand** and **product line**, not

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3047767

- 12 -

DEFS' RENEWED MOTION TO DISMISS SAC

1  Natural Balance, Inc., the company.  (*See* Dkt. No. 46 at 11-12.)  Plaintiffs' personal

2  jurisdiction "evidence" ignores these inconvenient facts.

3  **V.**  **PLAINTIFFS CANNOT PROVE THAT DEFENDANTS ARE**

4  **SUBJECT TO SPECIFIC JURISDICTION IN CALIFORNIA**

5  A court may exercise specific jurisdiction over a defendant if: (1) the

6  defendant has purposefully directed its activities toward the forum state by

7  completing a transaction with a forum resident or performed an act within the

8  forum; (2) the plaintiff's claim arises out of or results from the defendant's

9  forum-related activities; and (3) the exercise of jurisdiction is reasonable.

10  *Schwarzenegger*, 374 F.3d at 802.  Plaintiffs have the burden of satisfying the first

11  two prongs of the test.  *Id.*  Here, Plaintiffs cannot meet their burden and the Court

12  cannot exercise specific personal jurisdiction over Defendants.

13  A.  Nutraceutical International is not subject to specific jurisdiction in

14  California.

15  Plaintiffs' "evidence" that Nutraceutical International is subject to specific

16  jurisdiction in California is nearly identical to Plaintiffs' general jurisdiction

17  evidence.  Specifically, Plaintiffs contend that Nutraceutical International is subject

18  to specific jurisdiction in California because:

19  - "NIC markets Cobra to Californians through 'one of the industry's

20  largest sales forces' and has established distribution chains into

21  California through a network of nation-wide retailers[.]"

22  - "NIC [has] significant volume of Cobra sales in California[.]"

23  - "NIC [] directly distributes a majority of its own products to local

24  California retailers[.]"

25  - "Defendant [] deliberately directs its advertising and solicitation efforts

26  towards California residents by specifically promoting California

27  retailers" on its purported website.

28  (Vieira Decl. Ex. 2 at Interrogatory No. 4; Vieira Decl. Ex. 3 at Interrogatory No. 4.)

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3047767

- 13 -

DEFS' RENEWED MOTION TO DISMISS SAC

1    Nutraceutical International addressed each of Plaintiffs' misguided allegations
2    above, and it will not repeat its arguments here.  Needless to say, Nutraceutical
3    International has never promoted, manufactured, distributed, marketed, advertised,
4    or sold any products in California, including Natural Balance™ Cobra Sexual
5    Energy.  (Hinrichs Affidavit (Dkt. No. 34-1) ¶¶ 6-7.)  As such, Plaintiffs cannot
6    establish that Nutraceutical International "purposefully directed" any relevant
7    activities in this case toward California.  Nutraceutical International did not sell any
8    products to California residents, nor did it perform any acts relevant to this case in
9    California.  Nor can Plaintiffs show that their claims "arise out of or result from"
10   Nutraceutical International's forum-related activities (if Nutraceutical International
11   has any forum-related activities at all).

12   The Court should not exercise specific jurisdiction over Nutraceutical
13   International in this case.

14   B.    <u>Natural Balance, Inc. is not subject to specific jurisdiction in California.</u>

15   As with Nutraceutical International, Plaintiffs' "evidence" that Natural
16   Balance, Inc. is subject to specific jurisdiction in California is nearly identical to
17   Plaintiffs' general jurisdiction evidence.  Specifically, Plaintiffs contend that Natural
18   Balance, Inc. is subject to specific jurisdiction in California because:

19   • "NBI markets and sells Cobra Sexual Energy to California residents
20      through its website and established retail distribution chains."

21   • "NBI facilitates [Cobra Sexual Energy] sales through established
22      distribution channels to retail outlets in California and by selling Cobra
23      over the internet."

24   • "[T]he [Cobra Sexual Energy] Product's own label directs consumers to
25      send comments or questions to Natural Balance, San Clemente, CA
26      92672[.]"

27   • "Defendant Nutraceutical International Corporation's [] annual reports
28      confirm that NBI's product line includes Cobra."

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3047767

- 14 -

DEFS' RENEWED MOTION TO DISMISS SAC

- "Cobra is available for purchase in California through established retail distribution channels, and directly through naturalbalance.com."

(Vieira Decl. Ex. 4 at Interrogatory No. 4; Vieira Decl. Ex. 5 at Interrogatory No. 4.)

Natural Balance, Inc. addressed each of Plaintiffs' erroneous allegations above, and it will not repeat all of its arguments here.  However, Natural Balance, Inc. will reiterate that it has never promoted, manufactured, distributed, marketed, advertised, or sold any products in California.  (Neuberger Affidavit (Dkt. No. 34-2) ¶¶ 5-8, 12-13.)  Thus, as with Nutraceutical International, Plaintiffs cannot establish that Natural Balance, Inc. "purposefully directed" any relevant activities toward California, nor can they show that their claims "arise out of or result from" any forum-related activities that Natural Balance, Inc. might have engaged in.  The Court should not exercise specific jurisdiction over Natural Balance, Inc.

## VI.   <u>CONCLUSION</u>

Defendants are not subject to personal jurisdiction in California, and Plaintiffs cannot satisfy their burden to present *evidence* that the Court can exercise jurisdiction over Defendants.  This case has been ongoing for nine months, and Plaintiffs have conducted a substantial amount of discovery.  Despite this, Plaintiffs still have no evidence that Defendants are subject to personal jurisdiction in California.

When Defendants asked Plaintiffs to "state all evidence" supporting their contentions that Defendants are subject to personal jurisdiction in California, Plaintiffs *did not disclose any evidence*.  Instead, Plaintiffs repeated the same incorrect, unsupported assertions that they have been using to try to justify personal jurisdiction since the start of this case.  Unfortunately for Plaintiffs, Defendants' affidavits and sworn testimony easily defeat Plaintiffs' unsupported claims.  Thus, Plaintiffs cannot overcome Defendants' Renewed Motion, and the Court should dismiss Plaintiffs' claims against Nutraceutical International and Natural Balance, Inc.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

3047767

- 15 -

DEFS' RENEWED MOTION TO DISMISS SAC

1    In the alternative, Defendants respectfully request that the Court enter partial

2    summary judgment in their favor.  For the reasons given above, Plaintiffs cannot

3    demonstrate that a genuine issue of material fact exists as to personal jurisdiction.

4

5    Dated:  May 19, 2014                    IRELL & MANELLA LLP
                                             John C. Hueston
6                                            Andra Barmash Greene
                                             Christopher D. Vieira
7

8                                            By: _/s/ Andra Barmash Greene_
                                                  Andra Barmash Greene
9                                                 Attorneys for Defendants
                                                  Nutraceutical International
10                                                Corporation and Natural Balance, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional  Corporations

3047767

- 16 -

DEFS' RENEWED MOTION TO DISMISS SAC