UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05942 ABC (Ex) | Date | June 11, 2014 |
|---|---|---|---|
| Title | Frank Ortega et al. v. Natural Balance Inc et al. | | |

| Present: The Honorable | Audrey B. Collins | | |
|---|---|---|---|
| Angela Bridges | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

None Present                                                None Present

**Proceedings:**     ORDER RE: MOTION TO DISMISS     (In Chambers)

Pending before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction ("12(b)(2) Motion," docket no. 73) filed by Defendants Nutraceutical International Corporation ("NIC") and Natural Balance, Inc. ("NBI"). Plaintiffs Frank Ortega and Troy Lambert ("Plaintiffs") filed Oppositions and Defendants filed Replies. The Court will resolve the Motion without oral argument and **VACATES** the hearing on this Motion set for June 16, 2014. The Court **GRANTS** the Motion.

## I. BACKGROUND

This consumer class action concerns a product called Cobra Sexual Energy ("Cobra"), a dietary supplement containing various herbs, extracts, and other plant-based materials. Plaintiffs contend that Defendant "falsely market [Cobra] as having beneficial health and aphrodisiac properties and being scientifically formulated to improve virility, despite that none of the ingredients in Cobra, individually or in combination, provide such benefits." Second Amended Complaint ("SAC," docket no. 56) ¶ 1. Based on the foregoing Plaintiffs assert the following claims against all Defendants:

- Violation of the Unfair Competition Law, Unlawful Prong (Cal. Bus. & Prof. Code § 17200 *et seq.*), First Cause of Action

- Violation of the Unfair Competition Law, Unfair and Fraudulent Prong (Cal. Bus. & Prof. Code § 17200 *et seq.*), Second Cause of Action

- Violation of the False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*), Third Cause of Action

- Violation of the Consumer Legal Remedies Act (Cal. Civ. C. § 1750 *et seq.*), Fourth Cause of Action

Nutraceutical International Corporation ("NIC") and Natural Balance, Inc. ("NBI") move to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05942 ABC (Ex) | Date | June 11, 2014 |
|---|---|---|---|
| Title | Frank Ortega et al. v. Natural Balance Inc et al. | | |

dismiss all claims for lack of personal jurisdiction. This is NIC's and NBI's second motion to dismiss on in this basis. The Court denied their first motion, finding that although Plaintiffs presented only slim jurisdiction-related evidence, NIC's and NBI's evidence was too ambiguous for the Court to rule in their favor. As such, the Court found that the evidence was not conclusive on the question of jurisdiction and denied the Motion without prejudice to allow Plaintiffs to conduct jurisdictional discovery. See Order, December 16, 2013 (docket no. 54). NIC and NBI now renew their Motion.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(2) allows a defendant to move to dismiss a plaintiff's complaint for lack of personal jurisdiction. When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff has the burden to prove that jurisdiction is proper. Boschetto v. Hansing, 539 F.3d 1011, 1015 (9th Cir. 2008). To meet this burden, a plaintiff cannot ""simply rest on the bare allegations of [his] complaint[.]" Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004). Rather, a plaintiff must present evidence that demonstrates that a defendant is subject to personal jurisdiction in the plaintiff's chosen forum. Although any factual disputes between the evidence that the plaintiff presents and the evidence that the defendant presents is resolved in the plaintiff's favor, a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit[.]" CollegeSource, Inc. v. AcademyOne, Inc., 653 F.3d 1066, 1073-74 (9th Cir. 2011).

Evaluating personal jurisdiction is a two-step process. First, the court determines whether the exercise of jurisdiction over the defendant satisfies the requirements of the applicable state's long-arm statute. Dow Chem. Co. v. Calderon, 422 F.3d 827, 830 (9th Cir. 2005).[1] If so, the court then determines whether the exercise of jurisdiction comports with federal due process protections. Id. Due process requires that the imposition of personal jurisdiction cannot "offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). The "constitutional touchstone" of that inquiry is "whether the defendant purposefully established 'minimum contacts' with the forum state." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).

The "minimum contacts" standard can be met in two ways. First, a defendant is subject to general jurisdiction when its contacts with the forum are so "continuous and systematic" that the defendant may reasonably be haled into court even when the cause of action does not arise out of or relate to the defendant's activities in the forum. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16 (1984). A finding of general jurisdiction requires that the defendant's contacts be of the sort that approximates physical presence. Glencore Grain Rottterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1124 (9th Cir. 2002). "This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004).

---

[1] For purposes of this motion, the Court assumes that New York's long-arm statute is satisfied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05942 ABC (Ex) | Date | June 11, 2014 |
|---|---|---|---|
| Title | Frank Ortega et al. v. Natural Balance Inc et al. | | |

     Second, a court may exercise "specific jurisdiction" if "the defendant has purposefully directed his activities at residents of the forum . . . and the litigation results from alleged injuries that arise out of or relate to those activities." Burger King, 471 U.S. at 472-73 (internal quotations and citations omitted). The Ninth Circuit employs a three-part test for the exercise of specific jurisdiction: (1) some action must be taken whereby the defendant purposefully avails itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of the forum's laws; (2) the claim must arise out of or result from the defendant's forum-related activities; and (3) the exercise of personal jurisdiction must be reasonable. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990).

### III. DISCUSSION

     NIC and NBI contend that this Court has neither specific nor personal jurisdiction over them. Plaintiffs contend that NIC is subject to both general and specific jurisdiction, and that NBI is subject to specific jurisdiction. Notably, NIC and NBI provided more detailed evidence than they provided with their first Motion, while Plaintiffs provided almost nothing new: the merits portion of Plaintiffs' Opposition brief is almost identical to their Opposition to the first Motion to Dismiss, and includes only one new item of evidence. However, even this new item of evidence is simply redundant to evidence already in the record.[2]

**A.    Plaintiffs Have Not Demonstrated that this Court May Exercise Personal Jurisdiction over NIC.**

     In support of its contention that NIC has insufficient contacts with California to support this Court's jurisdiction over it, NIC submitted the affidavit of its Executive Vice President and Secretary, Jeffrey Hinrichs. See Hinrichs Aff. (docket no. 34-1). Hinrichs states that NIC is incorporated in Delaware and that its principal place of business is Park City, Utah; that NIC is a publicly-traded holding company that has never promoted, manufactured, distributed, marketed, or sold any products anywhere, including in California; that NIC has never had physical facilities in California, or owned or leased real property in the state; that NIC has never had employees, offices, or bank accounts in California; that NIC has never been registered to do business in California; that NIC has never had registered agents in California or paid taxes in the state; and that NIC has never promoted, manufactured, distributed, marketed, advertised, or sold any products in California.

     Plaintiffs' Opposition does not effectively rebut Hinrich's affidavit. Plaintiffs repeat their assertion from their Opposition to the first Motion to Dismiss that NIC's annual reports reveal various connections with California. However, during his deposition and in his supplemental affidavit (docket no. 46-2), Hinrichs explains that due to accounting rules, NIC's annual report discloses the activities and property holdings not only of NIC, but also of its thirty-eight direct or indirect subsidiaries. See Hinrich Suppl. Aff. ¶¶ 3, 4; Hinrich Depo. (docket no. 73-1) 88:19-89:1. Hinrichs testified to these various

---

    [2] The Court is also satisfied that NIC and NBI made good faith efforts to meet and confer with Plaintiffs consistent with Local Rule 7-3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05942 ABC (Ex) | Date | June 11, 2014 |
|---|---|---|---|
| Title | <u>Frank Ortega et al. v. Natural Balance Inc et al.</u> | | |

activities and properties at length in his deposition, explaining that they pertain to various of NIC's subsidiaries, and not to NIC itself. <u>See</u> Mot. 7:13-18, 7:25-8:19, 9:8-10:2;Reply 6:19-7:16 (summarizing salient portions of Hinrichs's deposition). Plaintiffs did not challenge this deposition testimony and have presented nothing to rebut it.

Plaintiffs also attribute a website, nutraceutical.com, which lists various job openings in California, to NIC. But as the Court noted in its prior order, this website belongs to Nutraceutical Corporation, which is also a defendant in this case but not the same entity as NIC. The website evidence remains irrelevant to NIC.

Plaintiff has not pointed to any evidence showing that NIC has any contacts with California, let alone any that would trigger personal jurisdiction in this district.

**B.     Plaintiffs Have Not Demonstrated that this Court May Exercise Personal Jurisdiction over NBI.**

In support of its contention that NBI has insufficient contacts with California to support this Court's jurisdiction over it, NBI submitted the affidavit of its Vice President, Christopher Neuberger. <u>See</u> Neuberger Aff. (docket no. 34-2). Neuberger states that NBI is incorporated in Delaware and that its principal place of business is Park City, Utah; that NBI has never had physical facilities in California, nor has it owned or leased real property in the state; that NBI has never had employees, offices, or bank accounts in California; that NBI has also never been registered to do business in California, nor has it had registered agents in California or paid taxes in the state; and that NBI has never promoted, manufactured, distributed, marketed, advertised, or sold any products in California.

Again, Plaintiffs' Opposition does not effectively rebut this affidavit. As in their previous briefing, Plaintiffs point to the following facts attempting to link NBI to Cobra, which, evidently, is sold in California: Cobra's label bears the name "Natural Balance™"; NIC's annual report states that "The Natural Balance product line includes products such as Cobra. Natural Balance's brand packaging bears the distinctive Natural Balance logo. . ."; in previous litigation, NBI provided sales figures for Cobra, including sales in California; and NBI produced an opinion letter it sought characterizing Cobra as "a dietary supplement marketed by Natural Balance, Inc."

NBI has shown that these connections are all illusory because Cobra was created by a different company with the same name, based in Colorado (not Delaware or Utah), before NBI was even formed in 2004. <u>See</u> Neuberger Suppl. Aff. (docket no. 46-3) ¶ 2. According to Neuberger and Hinrichs, NBI was formed in 2004 as a vehicle to help a different Nutraceuticals entity – Nutramark – obtain Natural Balance Colorado's intellectual property, including the Natural Balance and Cobra trademarks. Hinrichs Depo. 94:5-95:15; Neuberger Suppl. Aff. ¶¶ 2, 3. Hinrichs also stated that although NBI still exists, it's no longer active. Hinrichs Depo<u>.</u> 69:2-7. Indeed, Hinrichs testified that Nutraceutial Corporation is the entity that sells Cobra, that it started doing so in 2004 after the transaction with Natural Balance Colorado, and that none of Nutraceutial Corporation's subsidiaries sells Cobra. <u>See</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05942 ABC (Ex) | Date | June 11, 2014 |
|---|---|---|---|
| Title | Frank Ortega et al. v. Natural Balance Inc et al. | | |

Hinrichs Depo. 97:19-16.  As such, according to Henrichs, NBI has had no involvement with the Natural Balance trademarks or Cobra other than having served, in 2004, as an acqusition vehicle for the Nutramark entity.  Relatedly, the references in NIC's annual report associating "The Natural Balance product line" and "Natural Balance's brand packaging . . . and logo" with Cobra refer not to NBI, but to a line of products called "Natural Balance" and its associated intellectual property.  Nor does NBI own or operate the naturalbalance.com wesbsite.  Neuberger Suppl. Aff. ¶ 6.  That NBI produced in discovery two small charts of sales data for Cobra demonstrates only that NBI had these documents in its possession, not that NBI has anything to do with Cobra.  Finally, the Court has no reason to credit the third-party attorney's statement characterizing "Cobra, [as] a dietary supplement marketed by Natural Balance, Inc." because there is no way to tell if that attorney had any foundation for that statement, which was made merely in the introductory paragraph in an opinion letter about whether the claims on Cobra are lawful under federal law.  In summary, according to the unrebutted, sworn testimony that NBI presented, the "Natural Balance" language associated with Cobra refers to a brand name or product line owned and marketed by Nutraceutical Corporation, and not to the corporation NBI.  Thus, that Cobra is sold and marketed in California does not give rise to jurisdiction over NBI.

Plaintiff has not pointed to any evidence showing that NBI has any contacts with California, let alone any that would trigger personal jurisdiction in this district.

**C.     Further Discovery is Not Warranted.**

Plaintiffs assert that they need additional discovery to uncover jurisdictional evidence.  However, after NIC's and NBI's first Motion to Dismiss, which the Court denied without prejudice expressly to allow Plaintiffs to conduct jurisdictional discovery, and before the instant Motion was filed, Plaintiffs propounded substantial written discovery on NIC and NBI, and deposed Hinrichs and Neuberger.  None of this discovery yielded evidence demonstrating contacts with California.  Plaintiffs have not explained what additional discovery they need to demonstrate that jurisdiction in this district is proper and have therefore not justified further delaying the resolution of these issues.  The Court therefore denies Plaintiffs' request to conduct further discovery.  **Based on the present record, and in light of the Court's previous Order, Plaintiffs should have voluntarily dismissed NIC and NBI rather than forcing them to file this motion and requiring the Court to expend its limited resources resolving it.**

//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-05942 ABC (Ex) | Date | June 11, 2014 |
|---|---|---|---|
| Title | Frank Ortega et al. v. Natural Balance Inc et al. | | |

### IV.  CONCLUSION

For the foregoing reasons, the Court finds that it lacks personal jurisdiction over Defendants Nutraceutical International Corporation ("NIC") and Natural Balance, Inc. ("NBI").  The Court therefore **GRANTS** NIC's and NBI's Motion to Dismiss for Lack of Personal Jurisdiction, and they are hereby **DISMISSED** from this action **with prejudice**.

**IT IS SO ORDERED.**

:

Initials of Preparer    AB