**THE WESTON FIRM**
GREGORY S. WESTON (239944)
*greg@westonfirm.com*
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone:   (619) 798-2006
Facsimile:    (619) 343-2789

**Class Counsel**

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (175650)
*ron@consumersadvocates.com*
MICHAEL T. HOUCHIN (305541)
*mike@consumersadvocates.com*
651 Arroyo Drive
San Diego, CA 92103
Telephone:   (619) 696-9006
Facsimile:    (619) 564-6665

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE COBRA SEXUAL ENERGY SALES PRACTICES LITIGATION | Case No: 2:13-cv-05942-AB-Ex <br><br> **DECLARATION OF GREGORY S. WESTON IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> Judge: The Honorable André Birotte, Jr. <br> Date:   November 6, 2020 <br> Time:  10:00 a.m. <br> Location: Courtroom 7B |

I, Gregory S. Weston, declare:

1.    I am a member in good standing of the Bar of California and of this Court. I make this declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement.

2.    Attached hereto as **Exhibit 1** is a true and correct copy of the Parties' proposed class-wide Settlement Agreement dated October 22, 2020.

3.    Attached hereto as **Exhibit 2** is a true and correct copy of the proposed Summary Class Notice.

4.    Attached hereto as **Exhibit 3** is a true and correct copy of the proposed complete or "long form" Class Notice.

5.    Attached hereto as **Exhibit 4** is a true and correct copy of the proposed Claim Form.

6.    Defendant took the deposition of Plaintiff Troy Lambert on April 4, 2014.

7.    No side agreements were made in connection with the settlement aside from the Settlement Agreement itself.

8.    Through the discovery process, Class Counsel has obtained sufficient information and documents to evaluate the strengths and weaknesses of the case.

9.    The Parties did not engage in serious settlement discussions until after they had briefed class certification and decertification, submitted summary judgment motions, engaged in a lengthy appeal process that included a trip to the Supreme Court, and attended mediation before the Honorable Jay C. Gandhi.

10.    Pursuant to the Settlement Agreement, Class Counsel may apply for an award of attorneys' fees and costs of up to $490,000. This amount is approximately 26% of Class Counsel's lodestar to date, which we estimate to be approximately $1.9 million. Further, we will devote additional work to the action in obtaining final approval of the Settlement.

11.    Based on my experience, I believe the settlement is fair and provides an

1

exceptional outcome for the Class while sparing the class from the uncertainties of continued and protracted litigation.

Executed on October 23, 2020 in San Diego, California.

/s/ Gregory S. Weston

DATED: October 23, 2020                    Respectfully Submitted,

/s/Gregory S. Weston
Gregory S. Weston

**THE WESTON FIRM**
GREGORY S. WESTON
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Telephone:   (619) 798-2006
Facsimile:    (619) 343-2789

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON
MICHAEL T. HOUCHIN
651 Arroyo Drive
San Diego, CA 92103
Telephone:   (619) 696-9006
Facsimile:    (619) 564-6665

**Class Counsel**

2

# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE COBRA SEXUAL ENERGY SALES PRACTICES LITIGATION | Case No: 2:13-cv-05942-AB-Ex<br><br>**CLASS ACTION SETTLEMENT AGREEMENT**<br><br>Judge: The Honorable André Birotte, Jr. |

This Class Action Settlement Agreement (the "Settlement Agreement") is made and entered into by and between Plaintiff Troy Lambert, on behalf of himself and the settlement class defined herein in this Litigation (hereinafter "Plaintiffs" or "Class"), and Defendant Nutraceutical Corporation (hereinafter "Nutraceutical" or "Defendant") (collectively "the Settling Parties") to settle and compromise this Litigation, and settle, resolve, and discharge the Released Claims, as defined below, according to the terms and conditions herein.

## **RECITALS**

### **PROCEDURAL BACKGROUND**

WHEREAS, this action, entitled *In re Cobra Sexual Energy Sales Practices Litig.*, 2:13-cv-5942-AB-Ex (C.D. Cal.), was filed in the U.S. District Court for the Central District of California against Nutraceutical, bringing claims under California's Consumer Legal Remedies Act (Civ. Code § 1750, *et seq.* ["CLRA"]), Unfair Competition Law (Bus. & Prof. Code § 17200, *et seq.* ["UCL"]), and False Advertising Law (*id.* § 17500, *et seq.* ["FAL"]) arising from Defendant's marketing and sale of Nutraceutical's Cobra products , as defined below (hereinafter "the Litigation");

WHEREAS, based upon extensive discovery, investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings of the Litigation, plus the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the parties have conducted arm's-length negotiations both before and during a formal mediation, and have agreed to settle the claims asserted in the Litigation pursuant to the provisions of this Settlement Agreement;

**NOW THEREFORE**, subject to the final approval of the Court as required herein and by applicable law and rules, the Settling Parties hereby agree, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, that any Released Claims, as defined below, against any Released Parties, as defined below, shall be settled, compromised and forever released upon the following terms and conditions.

## **<u>TERMS AND CONDITIONS OF THE SETTLEMENT</u>**

## **1. DEFINITIONS**

As used herein, the following terms have the meanings set forth below.

"CAFA Notice" means the notice of this Settlement to the appropriate federal and state officials in the United States, as provided by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

"Class" means those individuals who purchased Cobra products from August 14, 2009 through December 31, 2020 as defined in Section 12 of this Agreement.

"Class Counsel" means The Weston Firm and The Law Offices of Ronald A. Marron.

"Class Member(s)" means any person(s) who is/are included within the definition of this Class and who do(es) not validly and timely request exclusion from the Class, in accordance with the provisions of the Notice Plan.

"Class Period" means August 14, 2009 through December 31, 2020.

"Court" means the U.S. District Court for the Central District of California.

"Defendant" means Nutraceutical Corporation.

"Defense Counsel" means Defendant's counsel of record in the Litigation, John C. Hueston, Steven N. Feldman, and Joseph A. Reiter of Hueston Hennigan LLP.

"Effective Date" means the day the Court grants final approval to this settlement.

"Fairness Hearing" means the hearing that is to take place after entry of the Preliminary Approval Order and after Notice is distributed pursuant to the Notice Plan for purposes of determining (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate, and therefore the Settlement Agreement should be finally approved with entry of the Final Judgment and Order; and (2) whether a judgment should be entered dismissing the Litigation on the merits and with prejudice in favor of Defendant and against Plaintiff pursuant and subject to the terms of the Settlement Agreement.

"Final Judgment and Order" means the order finally approving the terms of this

DocuSign Envelope ID: 3GB69705-E532-4DF8-B4F2-68D415DFE3EE

Settlement Agreement and a separate judgment to be entered by the Court, pursuant to Federal Rule of Civil Procedure 58(a), dismissing the Litigation with prejudice.

The "Litigation" means the action entitled *In re Cobra Sexual Energy Sales Practices Litig.*, 2:13-cv-5942-AB-Ex (C.D. Cal.).

"Notice" means the "Class Notice," substantially in the form of **Exhibit A** hereto, with substantial changes requiring the mutual consent of the Settling Parties or the order or instruction or conditional approval of the Court, to be disseminated in accordance with Preliminary Approval Order, informing the Class of, among other things, the pendency of the Litigation, the material terms of the Settlement Agreement, and their options with respect thereto.

"Notice Plan" means the method of providing the Class with Notice of the Settlement.

"Personal Injury" means a disease or adverse physical condition.

"Representative Plaintiff" means the named plaintiff in this action, Troy Lambert.

"Plaintiffs" means the Representative Plaintiff and all Class Members.

"Preliminary Approval Order" means an order, providing for, among other things, preliminary approval of the Settlement and dissemination of the Notice to the Class according to the Notice Plan.

"Cobra" refers to Cobra Sexual Energy, the dietary supplement manufactured by Nutraceutical at issue in the Litigation, in all packaging sizes and iterations.

"Release" and "Released Claims" are defined in the separate release section.

"Request for Exclusion" means a timely, written request from a Class Member who does not wish to participate in the Settlement to the Class Action Administrator, stating an intent to be "excluded from" or to "opt-out" of the Settlement.

"Settlement" means the settlement set forth in this Settlement Agreement.

"Settlement Agreement" means this agreement and its Exhibits, attached hereto and incorporated herein, including all subsequent amendments agreed to in writing by the Settling Parties and any exhibits to such amendments.

4

"Settling Parties" means, collectively, Plaintiffs (except for those Class Members that opt out of the Settlement in the manner provided herein) and Nutraceutical.

## 2. DENIAL OF WRONGDOING AND LIABILITY

Nutraceutical denies the material factual allegations and legal claims asserted in the Litigation, including any and all charges of wrongdoing or liability arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Litigation. Similarly, this Settlement Agreement provides for no admission of wrongdoing or liability by any of the Released Persons. This Settlement is entered into solely to eliminate the uncertainties, burdens, and expenses of protracted litigation.

## 3. THE BENEFITS OF SETTLEMENT

Class Counsel and the Representative Plaintiff recognize and acknowledge the expense and length of continued proceedings that would be necessary to prosecute the Litigation through trial and further appeals. Class Counsel also has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Litigation, as well as the difficulties and delays inherent in such litigation. Class Counsel is mindful of the challenges it will face in maintaining class certification. These challenges include, by way of example, jurisdictional challenges, statute of limitations challenges, potential difficulties arising from different product packaging over the course of the Class Period, and the fact that the Class Members did not pay a uniform price. Class Counsel is also mindful of the inherent problems of proof related to the claims and defenses to the claims asserted in the Litigation. Class Counsel believes that the proposed Settlement confers substantial benefits upon the Class and provides much of the relief sought in the Litigation, both monetary and injunctive. Based on their evaluation of all of these factors, following briefing on the sufficiency of the complaint and the evaluation of documents produced, the Representative Plaintiff and Class Counsel have determined that the Settlement is in the best interests of the Representative Plaintiff and the Class.

## 4. INJUNCTIVE RELIEF – "POTENCY WOOD"

Nutraceutical agrees to, within 180 days of the Effective Date, discontinue the use of the phrase "potency wood" on the packaging of Cobra. This term does not require a recall or destruction of existing product or packaging stock.

## 5. INJUNCTIVE RELIEF – "VIRILITY"

Nutraceutical agrees to, within 180 days of the Effective Date, discontinue the use of the word "virility" on the packaging of Cobra. This term does not require a recall or destruction of existing product or packaging stock.

## 6. MONETARY RELIEF – SETTLEMENT FUND

Nutraceutical to pay $100,000 cash settlement to the class. Class members will receive $10 for claims not documented by receipts, and $100 if documented by receipts. Notice and administrative expenses of $19,250 are to be paid out of this $100,000 settlement fund. Nutraceutical will not have any responsibility for the allocation of the settlement proceeds or the review of claims of class members.

If valid claims exceed the total amount to be paid, the payments will be reduced on a pro rata basis. If valid claims are below the total amount of the fund, the payments will be increased pro-rata such that the fund is exhausted. Any funds remaining after the distribution, such as checks that are returned for incorrect addresses, or that are not cashed within 90 days, shall be paid by the Class Action Administrator as a *cy pres* payment to the Legal Aid Foundation of Los Angeles, 1550 W. 8th Street, Los Angeles, CA 90017.

## 7. MISCELLANEOUS RELIEF – STIPULATION OF CATALYST

Solely for purposes of settlement, and without any admission of wrongdoing, Defendant stipulates this action was the catalyst for the removal from the label of Cobra, after the litigation was commenced, of "perform your best," "intended to provide nutritive support for blood flow" and "aphrodisiac."

## 8. SUBMISSION OF THE SETTLEMENT TO THE COURT FOR REVIEW AND APPROVAL

As soon as practicable, within 30 days following the signing of this Settlement

1   Agreement, Class Counsel shall seek preliminary approval of this agreement because it
2   is within the range of reasonableness such that Notice should be provided pursuant to
3   this Settlement Agreement.

4   **9.   ADMINISTRATION AND NOTICE**

5         Class Counsel shall arrange for providing Notice to the Class in conjunction with
6   the Class Action Administrator. Nutraceutical has agreed to pay $100,000 cash
7   settlement to the Class. Notice and administrative expenses are to be paid out of this
8   $100,000 settlement fund.

9   **Appointment and Retention of Class Action Administrator**

10        The Class Action Administrator shall be Classaura LLC.

11        The Class Action Administrator shall be responsible for providing the Settling
12  Parties with assistance, as necessary, such as by preparing affidavits of work it has
13  performed with respect to implementing the Notice Plan, and providing regular updates
14  to the Settling Parties' counsel. Defendant shall pay $19,250 to the Class Action
15  Administrator within five court days of an order granting preliminary approval to this
16  settlement. Defendant shall pay the balance of $80,750 to the Class Action
17  Administrator within five court days of the later of (1) an order granting final approval
18  to the settlement, if there are no objections to the settlement; (2) the time to file a timely
19  appeal of the denial of objections has passed, if there are objections; (3) the day the
20  Ninth Circuit affirms the order granting final approval if there are both objections and
21  appeals of the denial of the objections.

22  **Class Settlement Website**

23        The Class Action Administrator will create and maintain a class settlement
24  website (the "Class Settlement Website"), to be activated within seven (7) calendar days
25  of its receipt of the Preliminary Approval Order. The Class Settlement Website will
26  contain Settlement information and case-related documents such as this Settlement
27  Agreement, the Preliminary Approval Order, the Notice, the Motion for Attorneys' Fees,
28  Costs and Incentive Award, the Final Approval Motion, and notices from the Court. In

7

1  addition, the Class Settlement Website will include procedural information regarding the

2  status of the Court-approval process, such as an announcement of the Fairness Hearing

3  date, when the Final Judgment and Order has been entered, and when the Effective Date

4  has been reached, including any appeal(s).

5      The Class Settlement Website will terminate (be removed from the internet) and

6  no longer be maintained by the Class Action Administrator on either (a) the Effective

7  Date or (b) the date on which the Settlement Agreement is terminated or otherwise not

8  approved by a court, whichever is later.

9  **CAFA Notice**

10     Defendant shall serve notice of the Settlement Agreement that meets the

11  requirements of CAFA, 28 U.S.C. § 1715, on the appropriate federal and state officials

12  no later than ten (10) days following the filing of Plaintiffs' motion for preliminary

13  approval of settlement with the Court.

14     Defendant will file a certification with the Court stating the date or dates on which

15  the CAFA Notice was sent. Alternatively, Defendant may separately arrange for the

16  Class Action Administrator to perform this task and either party may file the declaration

17  certifying CAFA notice to attorneys general has been provided.

18  **Notice Plan**

19     The Notice Plan, attached hereto as **Exhibit B**, shall conform to all applicable

20  requirements of the Federal Rules of Civil Procedure, the United States Constitution

21  (including the Due Process Clauses), and any other applicable law, and shall otherwise

22  be in the manner and form agreed upon by the Settling Parties and approved by the

23  Court.

24     The Class Action Administrator shall commence providing Notice to the Class

25  according to the Notice Plan as attached in **Exhibit B**, as ordered by the Court in its

26  Preliminary Approval Order.

27     The Settling Parties agree to the content of the Notice, substantially in the form

28  attached to this Settlement Agreement as **Exhibit A**, and as approved by the Court.

The Class Action Administrator shall be responsible for receiving all opt-out and other requests and correspondence from the Class Members to exclude themselves from the Settlement and provide to Class Counsel and Defense Counsel a copy thereof within three (3) days of receipt. The Class Action Administrator shall also receive and maintain all other correspondence from any Class Member regarding the Settlement and promptly provide such correspondence to Class Counsel and Defense Counsel. No later than seven (7) calendar days before the date of the Fairness Hearing, the Class Action Administrator shall provide to the Settling Parties and file with the Court a list of those persons who have submitted a valid Request for Exclusion, as described in Section 13 of this Settlement Agreement.

**10. RELEASES AND DISMISSAL OF ACTION**

Upon the Effective Date, Plaintiff and all members of the Class, except for those that have opted out, will be deemed to have, and by operation of the Final Judgment and Order will have, fully, finally, and forever released, relinquished, and discharged the Released Persons from all Released Claims, meaning, with the exception of claims for Personal Injury, any and all causes of action, claims, suits, debts, damages, judgments, liabilities, demands, and controversies of every nature and description whatsoever—whether now known or unknown, asserted or not asserted, matured or unmatured, liquidated or unliquidated, at law or in equity, for injunctive relief or damages, whether before a local, state or federal court, or state or federal administrative agency, commission, arbitrator(s) or otherwise—that such Plaintiffs now have or may have, and for all times up to and including the Effective Date of the Settlement, for all claims that were or could have been asserted relating to the manufacturing, preparation, handling, distribution, advertising, marketing, packaging, sale, labeling, promotion, and ingredients of Cobra. Plaintiffs (except for those that have opted out in the manner provided for herein) also knowingly, expressly, and voluntarily waives all rights under Section 1542 of the California Civil Code (or similar laws of other States) which states:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE**

9

**CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

This Release includes all claims that such Plaintiffs and their heirs, successors, and assigns have, has, or may have against the Released Persons arising out of, in connection with, or related in any way, directly or indirectly, to Defendant's manufacturing, preparation, handling, distribution, advertising, marketing, packaging, sale, labeling, promotion, and ingredients of Cobra, that have been brought, or could have been brought, in the Litigation against the Released Persons.

After entering into this Settlement Agreement, Plaintiffs may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the Released Claims. Plaintiffs expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, contingent or non-contingent claim, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other, different, or additional facts. Notwithstanding Section 1542 of the California Civil Code, or any other federal or state statute or rule of law of similar effect, this Settlement Agreement shall be given full force and effect according to each and all of its expressed terms and provisions, including those related to any unknown or unsuspected claims, liabilities, demands, or causes of action which are based on, arise from or are in any way connected with the Litigation.

The Settling Parties shall agree to continued jurisdiction over the Settling Parties to this Settlement with respect to the future performance of the terms of this Settlement Agreement. In the event that any applications for relief are made, such applications shall be made to the Court.

Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs (except for those that opt out in the manner provided herein), and (b) Plaintiffs (except for those that opt out in the manner provided

10

herein) stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting against the Released Persons in any federal or state court or tribunal any and/or all Released Claims.

As the exception to Class Members' broad release, claims of a *Personal Injury* resulting from a defect in Cobra or packaging are specifically not included in the Released Claims.

## 11. MODIFICATION OF CLASS DEFINITION

The current class is defined as extending from 8/14/2009 to "the present." For purposes of settlement only, the parties stipulate to and move the Court to modify the class definition to end on 12/31/20, such that the settlement class definition is:

All individuals who purchased Cobra Sexual Energy for personal or household use and not for resale or distribution from August 14, 2009 to December 31, 2020. Excluded from the class are officers and directors of Nutraceutical and any judicial officer hearing the case.

Defendant does not consent to certification of such Settlement Class (or to the propriety of class treatment) for any purpose other than to effectuate the settlement of the Litigation.

## 12. PROCEDURES FOR OBJECTING TO OR REQUESTING EXCLUSION FROM THE SETTLEMENT

Subject to modification by the Court, the Settling Parties agree and stipulate to the following procedures:

### 12.1. Procedures for Objecting to the Settlement

Class Members shall have the right to appear and show cause, if they have any reason why the terms of this Settlement Agreement should not be given final approval, subject to each of the sub-provisions contained in this section. Any objection to the Settlement or Settlement Agreement, including any of its terms or provisions, should be in writing, filed with the Court, with a copy served on Class Counsel, Defense Counsel, and the Class Action Administrator at the addresses set forth in the Notice, and postmarked no later than thirty (30) calendar days prior to the Fairness Hearing date.

Class Members may object either on their own or through an attorney hired at their own expense.

If a Class Member hires an attorney to represent him or her at the Fairness Hearing, he or she must do so solely at his or her own expense unless the Court orders otherwise. No Class Member represented by an attorney should be deemed to have objected to the Settlement Agreement unless an objection signed by the Class Member is also filed with the Court and served upon Class Counsel and Defense Counsel at the addresses set forth in the Notice thirty (30) days before the Fairness Hearing.

Any objection regarding or related to the Settlement Agreement should contain (a) the objector's full name, address and telephone number; (b) the name, address, and telephone number of any attorney for the objector with respect to the objection; (c) the factual and legal grounds for the objection(s); (d) documents sufficient to establish the basis for his or her standing as a Class Member, *i.e.*, verification under oath as to the approximate date(s) and location(s) of his or her purchase(s) of Cobra; (e) his or her signature or the signature of the objector's counsel, if any; (f) the case name and case number (*In re Cobra Sexual Energy Sales Practices Litig.*, 2:13-cv-05942-AB-Ex (C.D. Cal.)); and (g) a list, including case names and numbers, of any other objections by the objector, as well as by the objector's attorney, to any class action settlements submitted to any state or federal court in the previous two years. Any objection should also contain information sufficient to identify and contact the objecting Class Member (or his or her attorney, if any). Any objections not containing the required information and/or not submitted to the Court at least thirty (30) days prior to the Fairness Hearing may be deemed waived and may not be considered by the Court. If an objecting party chooses to appear at the hearing, that party should, in addition to filing his or her objection, file with the Court, at least thirty (30) days before the Fairness Hearing, a notice of intent to appear and that notice must list the name, address and telephone number of the attorney, if any, who will appear on behalf of that party.

### 12.2.   Response to Objections

Class Counsel and Defendant may respond to any objection, by filing opposition papers no later than seven calendar days prior to the Fairness Hearing, or on such other date as set forth in the Preliminary Approval Order, or any subsequent Court order(s) modifying the briefing schedule for the Fairness Hearing. The Party responding shall file a copy of the response with the Court, and shall serve a copy to the objector (or counsel for the objector) to the extent the objector or their counsel do not receive notice of electronic filing via the Court's ECF filing system.

### 12.3. Opt-Outs

Any Class Member who does not wish to participate in the Settlement must submit a Request for Exclusion to the Class Action Administrator, stating an intent to be "excluded" from this Settlement. The written Request for Exclusion must be sent via first class United States mail to the Class Action Administrator at the address set forth in the Notice and postmarked no later than thirty (30) calendar days before the date set for the Fairness Hearing ("Opt-Out Date"). The Request for Exclusion must be personally signed by the Class Member and may only be on behalf of such signing Class Member. So-called "mass" or "class" opt-outs shall not be allowed. Members who "opt-out" will not release their claims pursuant to the Settlement Agreement. Members of the Class who fail to submit a valid and timely Request for Exclusion on or before the date specified in the Notice shall be bound by all terms of the Settlement Agreement and Final Judgment and Order. Every Request for Exclusion must contain his or her (a) full name, (b) current address, (c) a clear statement communicating that he or she elects to be excluded from the Class, (d) his or her signature, and (e) the case name and case number (*In re Cobra Sexual Energy Sales Practices Litig.*, 2:13-cv-05942-AB-Ex (C.D. Cal.)).

Any Class Member who requests exclusion from the Settlement does not have the right to object to the Settlement. If a Class Member submits an objection and a written Request for Exclusion, he or she shall be deemed to have complied with the terms of this opt-out procedure. His objection will be considered void and he or she shall not be bound by the Settlement Agreement if approved by the Court. However, any objector

1  who has not submitted a proper Request for Exclusion from the Settlement will be bound

2  by the terms of the Settlement Agreement upon final approval of the Settlement.

3  **13. ATTORNEYS' FEES AND EXPENSES AND INCENTIVE AWARD**

4  In accord with Federal Rule of Civil Procedure Rule 23(h) and relevant case law,

5  Plaintiff will petition the Court for attorneys' fees and expenses not to exceed $490,000,

6  and a Representative Plaintiff incentive award not to exceed $10,000. Defendant shall

7  not object to or oppose any such petition, provided it does not exceed these limits, nor

8  take any steps to encourage objectors to do so.  For avoidance of doubt, the above-

9  described limit on attorneys' fees, expenses, and incentive award is a material term of

10  the Settlement Agreement and, as such, if Plaintiff petitions the Court for an amount in

11  excess of that limit, this Settlement Agreement will be void.

12  Upon a Court order so providing, any attorneys' fees, incentive award, and costs

13  awarded to Class Counsel by the Court shall be paid by Defendant within 30 calendar

14  days of the Effective Date.

15  Defendant shall bear its own attorney's fees and costs.

16  The incentive payment, if awarded, shall be paid separately from attorneys' fees

17  and costs in the form of a check sent in the care of Class Counsel made payable to the

18  Representative Plaintiff.

19  **14. MOTION FOR FINAL APPROVAL AND ORDER**

20  Defendant shall cooperate in good faith with the preparation of the motion for

21  final approval of the Settlement Agreement.

22  **15. CONDITIONS FOR EFFECTIVE DATE; EFFECT OF TERMINATION**

23  The Effective Date of this Settlement Agreement shall be the date the Court grants

24  final approval of this agreement.

25  If this Settlement Agreement is not approved by the Court or the Settlement

26  Agreement is terminated or fails to become effective in accordance with the terms of this

27  Settlement Agreement, the Settling Parties will be restored to their respective positions

28  in the Litigation as of the day before the Motion for Preliminary Approval was filed. In

1   such event, except with respect to the Class Action Administrator's fees, the terms and

2   provisions of this Settlement Agreement will have no further force and effect with

3   respect to the Settling Parties and will not be referenced or used in the Litigation or in

4   any other proceeding for any purpose, and any Judgment or order entered by the Court in

5   accordance with the terms of this Settlement Agreement will be treated as vacated.  If for

6   whatever reason the Settlement Agreement fails to become effective, the Settling Parties

7   will split equally the Class Action Administrator's fees paid prior to that date.

8   **16. MISCELLANEOUS PROVISIONS**

9   The Settling Parties acknowledge that it is their intent to consummate this

10   Settlement Agreement, and they agree to cooperate to the extent reasonably necessary to

11   effectuate and implement all terms and conditions of this Settlement Agreement and to

12   exercise their best efforts to accomplish the foregoing terms and conditions of this

13   Settlement Agreement.

14   The Settling Parties intend the Settlement to be a final and complete resolution of

15   all disputes between them with respect to the Litigation. The Settlement compromises

16   claims that are contested and will not be deemed an admission by any Settling Party as

17   to the merits of any claim or defense.

18   The Settling Parties agree that the consideration provided to the Class and the

19   other terms of the Settlement were negotiated at arm's-length, in good faith by the

20   Settling Parties, and reflect a settlement that was reached voluntarily, after consultation

21   with competent legal counsel. The Litigation was filed in good faith, was not frivolous

22   and was in compliance with Rule 11 of the Federal Rules of Civil Procedure. This

23   Settlement Agreement is entered into to eliminate the uncertainties, burdens and

24   expenses of protracted litigation.

25   Neither this Settlement Agreement nor the Settlement, nor any act performed or

26   document executed pursuant to or in furtherance of this Settlement Agreement or the

27   Settlement is or may be deemed to be or may be used as an admission of, or evidence of,

28   the validity of any Released Claims, or of any wrongdoing or liability of Defendant or

any other Released Person; or is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant or any other Released Person in any civil, criminal, or administrative proceeding in any court, administrative agency or other tribunal. Any party to the Litigation or any other Released Person may file this Settlement Agreement and/or the Judgment in any action that may be brought against it in order to support any defense or counterclaim, including without limitation those based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information will survive this Settlement Agreement.

This Settlement Agreement and any exhibits attached hereto constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its exhibits other than the representations, warranties, and covenants covered and memorialized in such documents. Except as otherwise provided herein, the Settling Parties will bear their own respective costs.

Class Counsel, on behalf of the Class, is expressly authorized by the Representative Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to this Settlement Agreement to effectuate its terms, and is expressly authorized to enter into any modifications or amendments to this Settlement Agreement on behalf of the Class that Class Counsel deems appropriate.

Each counsel or other person executing this Settlement Agreement or any of its Exhibits on behalf of any Party hereby warrants that such person has the full authority to do so.

This Settlement Agreement may be executed in one or more counterparts. A faxed or electronic signature shall have the same force and effect as an original signature. All executed counterparts and each of them will be deemed to be one and the same

16

instrument. A complete set of original counterparts will be filed with the Court.

This Settlement Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

None of the Settling Parties, or their respective counsel, will be deemed the drafter of this Settlement Agreement or its exhibits for purposes of construing the provisions thereof. The language in all parts of this Settlement Agreement and its exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any of the Settling Parties as the drafter thereof.

Plaintiff and Class Counsel agree not to make disparaging public statements about the Defendant, the Defendant's products, and/or Defense Counsel. Defendant and Defense Counsel agree not to make disparaging public statements about Plaintiff, Class Counsel, or the Settlement.

IN WITNESS WHEREOF, the Settling Parties have executed and caused this Agreement to be executed by themselves, approved as to form and content by their respective attorneys, dated as of _____, 2020.


Dated: _____        _____
                                  Plaintiff Troy Lambert


Dated: _____        _Jeff Burchfield_____
       10/22/2020                 Jeff Burchfield

                                  Chief Legal Officer, on behalf of Nutraceutical Corp.


APPROVED AS TO FORM AND CONTENT:


Dated: _____        _____
                                  Gregory S. Weston or Ronald Marron

17

1  instrument. A complete set of original counterparts will be filed with the Court.

2       This Settlement Agreement will be binding upon, and inure to the benefit of, the

3  successors and assigns of the Settling Parties.

4       None of the Settling Parties, or their respective counsel, will be deemed the drafter

5  of this Settlement Agreement or its exhibits for purposes of construing the provisions

6  thereof. The language in all parts of this Settlement Agreement and its exhibits will be

7  interpreted according to its fair meaning, and will not be interpreted for or against any of

8  the Settling Parties as the drafter thereof.

9       Plaintiff and Class Counsel agree not to make disparaging public statements

10  about the Defendant, the Defendant's products, and/or Defense Counsel. Defendant and

11  Defense Counsel agree not to make disparaging public statements about Plaintiff, Class

12  Counsel, or the Settlement.

13       IN WITNESS WHEREOF, the Settling Parties have executed and caused this

14  Agreement to be executed by themselves, approved as to form and content by their

15  respective attorneys, dated as of _____Oct. 16th_____, 2020.

16

17  Dated: _10/16/20_                    _____

18                                       Plaintiff Troy Lambert

19

20

21  Dated: _____              _____

22                                       Jeff Burchfield

23                                       Chief Legal Officer, on behalf of Nutraceutical
                                         Corp.
24

25  APPROVED AS TO FORM AND CONTENT:

26

27  Dated: _10/14/2020_                 _____

28                                       Gregory S. Weston or Ronald Marron

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Class Counsel

Dated: ___October 22, 2020___

Steven N. Feldman
HUESTON HENNIGAN LLP
Counsel for Nutraceutical Corp.

# EXHIBIT 2

# ATTENTION CALIFORNIA BUYERS OF COBRA SEXUAL ENERGY

LEGAL NOTICE OF PROPOSED CLASS LITIGATION SETTLEMENT

*In re Cobra Sexual Energy Sales Practices Litig.,* No. 2:13-cv-05942-AB-Ex (C.D. Cal.)

If you purchased any Cobra Sexual Energy product **in California** between **August 9, 2014 and December 31, 2020**, please read this notice. A class action settlement gives you certain rights, including the right to make a claim for your share of a cash settlement fund, and also has certain deadlines. The class action claims the herbal supplement Cobra Sexual Energy is falsely advertised and an unapproved aphrodisiac in violation of California law. The defendant strongly denies this, and the Court has made no decision on these issues. The case was litigated for seven years, and rather than continue litigating the case in court, the two sides have agreed to a class action settlement. In addition to the cash relief, the defendant has also agreed to make certain changes to Cobra's label.

You now have the following options. First, the attorneys who filed the case and were appointed to represent you recommend that you go to the settlement website (CobraLawsuit.com) and file a claim form, and then receive a payment if the Court approves the settlement. Second, you can ignore this notice and do nothing. You will not get a settlement payment, but you will give up the right to sue  over claims related to Cobra's labels and advertising, though not for personal injury. Third, you can exclude yourself. If you exclude yourself, you get no settlement payment but keep the right to sue over these claims at your own expense. Finally, you can object to the settlement and tell the judge why you do not want the settlement to be approved.

You can make a claim at **CobraLawsuit.com**, as well as get more detailed information about this case, the settlement, and your options, as this is a summary only. If you need help and cannot access the Internet, you can also ask questions by mail by writing to Cobra Sexual Energy Litigation, c/o Classaura, 1718 Peachtree St NW #1080, Atlanta, GA 30309 or call 1-888-977-3554. If possible, please consult the website **CobraLawsuit.com**.com before calling. Do not contact Nutraceutical or the Court, except if you are serving and filing an objection. The deadline to file a claim form is January 23, 2021, but your appointed attorneys recommend that you file a claim now if you are eligible so you don't forget later, and to help them plan the cash distribution and estimate the settlement claims rate.

# EXHIBIT 3

## <u>NOTICE OF PROPOSED CLASS LITIGATION SETTLEMENT</u>

*In re Cobra Sexual Energy Sales Practices Litig..,* Case No. 2:13-cv-05942-AB-Ex

United States District Court for the Central District of California

**THIS NOTICE CONCERNS YOUR LEGAL RIGHTS.
PLEASE READ IT CAREFULLY.**

*A federal court authorized this Notice. It is not a solicitation from a lawyer.*
**YOU ARE NOT BEING SUED.**

_____

**IF YOU ARE A CALFIORNIA RESIDENT WHO** purchased, in California, Cobra Sexual Energy, between August 14, 2009 and before December 31, 2020 (the "Class Period"), for personal or household use and not for resale or distribution, **YOU MAY BE ENTITLED TO A CASH PAYMENT.**

This settlement resolves a lawsuit against Nutraceutical Corporation ("Nutraceutical" or "Defendant") alleging that Cobra Sexual Energy was falsely advertised.

Nutraceutical denies the allegations and any wrongdoing. Nonetheless, it has agreed to settle to avoid the cost and uncertainty of litigation. The parties have reached a settlement that provides a payment in exchange for a waiver and release of your claims. By participating in the settlement, you waive and release any claims against Nutraceutical concerning the marketing and labeling of Cobra Sexual Energy.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM BY JANUARY 23, 2021** | The only way to get a monetary payment. Postmark or submit your claim form online. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY JANUARY 23, 2021** | If you ask to be excluded, you will not get a settlement payment.<br><br>You also will not be bound by this case and keep any right you might have to sue related to the claims in this lawsuit. |
| **OBJECT OR COMMENT BY JANUARY 23, 2021** | You may file a written objection no later than **JANUARY 23, 2021** and/or appear at the final approval hearing to tell the Court why you believe the proposed settlement is unfair, unreasonable, or inadequate. If you ask to be excluded, you cannot also file an objection. |
| **DO NOTHING** | If you do nothing, you will receive no portion of the settlement fund and, if the settlement is approved, you will also give up any right you maye have to sue regarding any claims that are part of the settlement. |

- These rights and options, and the deadlines to exercise them, are further explained in this notice.
- The Court is in charge of this litigation and still has to decide whether to approve the settlement. The settlement benefits will be paid as soon as possible after the Court approves the settlement and after any appeals are resolved.
- If you have any questions, then please read on and visit www.CobraLawsuit.com.

2

### 1.   Why did I receive this notice?

If you are a California resident who purchased Cobra Sexual Energy in any packaging size or iteration ("Cobra") during the Class Period, for personal or household use and not for resale or distribution, then you should know about a settlement in this class action and your options.

You also may have received this notice because you requested more information after reading the summary notice about the settlement.

If the Court approves the settlement, and any objections and appeals are resolved, an administrator approved by the Court will distribute settlement payments.

This notice explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

### 2.   What is this lawsuit about?

The lawsuit alleges that Cobra was falsely advertised as an aphrodisiac drug because of certain statements made on the label. It also alleges Cobra was an "unapproved new drug" (a legal term for a drug the FDA has not approved for sale).

**Nutraceutical denies these allegations, and the Court has made no decision on their merit**.

### 3.   What is a class action and who is involved?

In a class action lawsuit, one or more people, called class representatives (in this case Troy Lambert) represent the interests of similarly situated people who have the same claims, but have not filed a lawsuit. Together these people are a class. The person who filed the lawsuit is called the plaintiff and class representative. The company they sue is called the defendant. One court resolves the issues for everyone in the class – except for those people who choose to exclude themselves from the class.

### 4.   Why is there a proposed settlement?

The Court has not decided in favor of either side. Nutraceutical denies all allegations in the lawsuit. Nutraceutical is settling simply to avoid the expense, inconvenience, and inherent risk of litigation, as well as the related disruption to its business. The plaintiff and his attorneys assert that the proposed settlement is in the best interests of the class because it provides an appropriate recovery now while avoiding the risk, expense, and delay of pursuing a lawsuit through trial and any appeals. There would be no guarantee of success for either side if the lawsuit were pursued through trial and any appeals, but both would have to deal with expenses and delays.

3

Questions? Call 1-888-977-3554 or visit www.CobraLawsuit.com

## WHO IS COVERED BY THE PROPOSED SETTLEMENT

To see if you are entitled to file a claim for part of the settlement fund, you first have to determine if you are a member of the settlement class.

### 5.   How Do I Know If I Am Part of the Proposed Settlement?

You are a part of the settlement class if you are a California resident who purchased Cobra, in any packaging size or iteration, during the Class Period of August 14, 2009 to December 31, 2020. The product must have been purchased for personal or household use and not for resale or distribution.

You are not a part of the settlement class if you are (1) any judicial officer presiding over the lawsuit, (2) officers and directors of Nutraceutical, or (3) any person who properly executes and files a timely request for exclusion.

If you are unsure whether you are included in the settlement class, you can go to www.CobraLawsuit.com, or you can call 1-888-977-3554, and ask for free help.

## THE PROPOSED SETTLEMENT BENEFITS

### 6.   What does the proposed settlement provide?

**Settlement Fund**

The proposed settlement will provide for $100,000.00 to be paid into a settlement fund. Notice and administrative expenses of $19,250 are to be paid out of this $100,000 settlement fund.

**Payments to settlement class members who submit a valid claim form**

Settlement class members who submit a timely and valid claim will receive a projected $10 for claims which are not documented by receipts, and up to $100 if documented by receipts.

The amount will be adjusted upward or downward so the whole amount is paid out to class members who submit valid claims.

Class members who submit valid claims, but who do not cash the settlement check within 90 days, will have the funds donated to a legal charity providing free legal representation to low income individuals. Specifically, the Legal Aid Foundation of Los Angeles.

**Non-Monetary Relief**

Nutraceutical has agreed to remove certain words from the Cobra label that Plaintiff challenged in his lawsuit, specifically "potency wood" and "virility."

4

Questions? Call 1-888-977-3554 or visit www.CobraLawsuit.com

**Incentive Award to the Plaintiff**

Subject to Court approval, class counsel is seeking a $10,000 incentive award for the class representative, Troy Lambert.

### HOW TO GET A PAYMENT- SUBMITTING A CLAIM FORM

| **7.  How can I obtain a portion of the settlement?** |
|---|

Settlement class members who wish to receive a portion of the settlement fund must fully complete and submit a claim form, along with any supporting documentation, by January 23, 2021.

You can obtain a claim form  on the internet at www.CobraLawsuit.com

Read the instructions carefully, fully complete the form, and submit it online at www.CobraLawsuit.com on or before January 23, 2021.

Alternatively, you may submit your claim form by mailing it to the following address:

> Cobra Sexual Energy Litigation
> c/o Classaura Class Action Administration
> 1718 Peachtree St NW #1080,
> Atlanta, GA 30309

Claim forms must be postmarked no later than January 23, 2021.

Settlement class members who have complied with the instructions, requirements, and deadline for submitting a claim, and whose claims have been reviewed and validated by the settlement administrator, will be paid from the settlement fund within forty five (45) days of the effective date of the settlement.

### TO BE VALID, ALL CLAIM FORMS MUST BE POSTMARKED OR SUBMITTED ONLINE BY NO LATER THAN JANUARY 23, 2021

| **8.  How Can I Obtain a Claim Form?** |
|---|

You can obtain a claim form in one of three ways:

i.   Online:  You can download the claim form at www.CobraLawsuit.com. You can also submit a claim form online through the same website.

ii.  By phone: call toll-free, 1-888-977-3554 to arrange for a claim form to be sent to you by either U.S. mail or e-mail.

5

iii.   By U.S. Mail:  you may write to Cobra Sexual Energy Litigation, c/o Classaura Class Action Administration, 1718 Peachtree St NW #1080, Atlanta, GA 30309. Be sure to include your name and mailing address.

**YOUR RIGHTS AND CHOICES - EXCLUDING YOURSELF FROM THE PROPOSED SETTLEMENT**

If you do not want to receive the settlement payment and wish to preserve the right you may have to sue about Cobra's labeling on your own, then you must take affirmative steps to opt out of the settlement.

| **9.   How do I exclude myself from the settlement?** |
|---|

To exclude yourself from the settlement class, you must either: (1) send a written request for exclusion that must be received no later than January 23, 2021, to: Cobra Sexual Energy Litigation, c/o Classaura Class Action Administration, 1718 Peachtree St NW #1080, Atlanta, GA 30309, or (2) submit a request for exclusion online through the settlement website no later than January 23, 2021.

Your Request for Exclusion must contain: (1) the name of the lawsuit, "*In re Cobra Sexual Energy Sales Practices Litig.*, Case Number: 2:13-cv-13-05942-AB-Ex"; (2) your full name, current address, and telephone number; (3) a clear statement of intention to exclude yourself such as "I wish to be excluded from the Settlement Class"; and (4) your signature. You may also get an exclusion request form at www.CobraLawsuit.com.  You cannot exclude yourself by telephone or by e-mail.

Your request for exclusion must be on behalf of yourself.  You may not include multiple persons on a single request for exclusion.

If you ask to be excluded, you will not get a settlement payment and cannot object to the settlement. You may be able to sue (or continue to sue) Nutraceutical in the future.

| **10. If I don't exclude myself, can I sue Nutraceutical later?** |
|---|

If you do not properly and timely submit a Request for Exclusion, you waive your right to opt out, you will be deemed to be a member of the settlement class, you give up any right you may have to sue for the claims the settlement resolves, and you will be bound by the terms of the settlement agreement. If you have a pending lawsuit against Nutraceutical, other than this lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from this settlement class to continue your own lawsuit. Remember, any request for exclusion must be signed, mailed, and postmarked or submitted online by no later than January 23, 2021. Excluded from the settlement and release is anything to do with a personal injury claim.

| **11. If I exclude myself, can I get a payment from the settlement fund?** |
|---|

No. If you exclude yourself, you are not eligible for any payment from the settlement fund.

**Questions? Call 1-888-977-3554 or visit www.CobraLawsuit.com**

**YOUR RIGHTS AND CHOICES - OBJECTING TO THE PROPOSED SETTLEMENT**

| 12. How do I tell the court that I object to the settlement? |
| --- |

If you are a member of the Settlement Class, you may object to the settlement. In doing so, you must give reasons why you think the Court should not approve it, and the Court will consider your views.

The objection must contain the following:

(i) a reference, to the name of number of the lawsuit, which is *In re Cobra Sexual Energy Sales Practices Litig.*, No. 2:13-cv-13-05942-AB-Ex;

(ii) your full, legal name, residential address, telephone number, and email address (and your lawyer's name, business address, telephone number and email address if you are objecting through counsel);

(iii) a statement describing your membership in the settlement class, including a verification under oath as to the time and place of your purchase, and name of the retailer from whom you purchased Cobra;

(iv) a written statement of all grounds for the objection, accompanied by any legal support for such objection;

(v) copies of any documents upon which the objection is based and exhibits you will offer at the final approval hearing;

(vi) a statement of whether you intend to appear at the final approval hearing, and if you are objecting through counsel, you must also state the identity of all attorneys who will appear at the final approval hearing on your behalf;

(vii) a list of any other objections you or your counsel have submitted to class actions, whether in state or federal court, in the previous two years; and

(viii) your signature.

If you do not have access to Electronic Case Filing ("ECF"), your objection must be signed and submitted to the Court, along with any supporting documents, so that it is received no later than January 23, 2021 by the Court. Information on how to file case documents is at the Court website at www.cacd.uscourts.gov.

A copy of your objection ***must*** also be signed and mailed, along with any supporting documents to the settlement administrator and each of the following two addresses, so that it is ***received by***

7

**Questions? Call 1-888-977-3554 or visit www.Cobra Lawsuit.com**

January 23, 2021:

Counsel for Plaintiff and the Settlement Class | Counsel for Nutraceutical Corp.

Gregory S. Weston
**THE WESTON FIRM**
1405 Morena Blvd., Suite 201
San Diego, CA 92110
Email: *greg@westonfirm.com*

Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, CA 92103
Email: *ron@consumersadvocates.com*

John C. Hueston
Steven Feldman
**HUESTON HENNIGAN LLP**
523 West 6th Street, Suite 400
Los Angeles, CA 90014
Email: *jhueston@hueston.com, sfeldman@hueston.com*

| 13. What's the difference between objecting and excluding? |
|---|

Objecting is explaining to the Court why it should deny approval to the settlement, while keeping you a part of the Class.

Excluding yourself simply removes you from the Class. If you exclude yourself, you will not be eligible to file an objection or to appear at the final approval hearing.

| 14. What happens if I do nothing at all? |
|---|

If you do nothing, you will get no payment from the settlement fund. But unless you timely excluded yourself, you also will not be able to start a new lawsuit, continue with a lawsuit, or be part of any other lawsuit against Nutraceutical about the subject matter of this lawsuit ever again.

### THE LAWYERS REPRESENTING YOU

| 15. Do I have a lawyer in this case? |
|---|

The Court has appointed The Weston Firm and Law Offices of Ronald A. Marron as legal counsel for the settlement class. The law firms are called Class Counsel.

| 16. How will the lawyers be paid? |
|---|

Class Counsel has not yet received any payment for prosecuting this lawsuit, nor have they been reimbursed for any out-of-pocket expenses they have incurred. When they ask the Court to approve the settlement, class counsel will also make a motion to the Court to approve and award fees and

expenses of up to $490,000. This amount, if the Court approves it, will be paid by the Defendant. No matter what the Court decides, the attorneys will not be asking you to pay them money. Class counsel will seek final approval of the settlement on behalf of all members of the settlement class. You may hire your own lawyer to represent you in this lawsuit if you wish, but it will be at your own expense.

### THE COURT'S FINAL APPROVAL HEARING

### 17. When and where will the court decide whether to approve the settlement?

The Court overseeing this case will hold a final approval hearing at the federal courthouse located at the U.S. District Court for the Central District of California, 350 West First St., Los Angeles, CA 90012 in Courtroom 7B on February 19, 2021 to decide whether the settlement is fair, reasonable, and adequate, as well as to determine the amount of attorney fees and costs and incentive award. If there are objections, the Court will consider them at the final approval hearing. After the final approval hearing, the Court will decide whether to approve the settlement and whether to grant class counsel's request for attorneys' fees and expenses. We do not know how long it will take the Court to make these decisions.

### 18. Do I Have to Come to the Hearing?

You are not required to attend the hearing, but you are welcome to attend at your own expense. If you support the settlement, the best way to show this is by submitting a valid claim for a settlement payment on the settlement website.

If you send an objection, you do not have to appear in Court to present it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend.

### FINAL SETTLEMENT APPROVAL

### 19. What is the effect of final settlement approval?

If the Court grants final approval of the settlement and all appeals have been exhusted, the Released Parties (as defined in the Settlement Agreement) will be released of and from any and all claims asserted or which could have been asserted in the litigation, including all claims relating to the manufacturing, preparation, handling, distribution, advertising, marketing, packaging, sale, labeling, promotion, and ingredients of Cobra. Class Members' claims of a *personal injury* resulting from a defect in Cobra or packaging are specifically not included in the Released Claims.

If the Court does not approve the settlement, this lawsuit will proceed as if no settlement had been attempted.

If the settlement is not approved and litigation resumes, there is no guarantee of payment to the settlement class.

9

### GETTING MORE INFORMATION

| 20. Are there more details about the settlement? |
| --- |

This Notice is only intended to provide a summary of the proposed Settlement. You may obtain the complete text of the settlement agreement at www.CobraLawsuit.com.

The settlement website located at www. CobraLawsuit.com also has the settlement payment claim form, the request for exclusion form, and several of the key documents from the case such as the Class Action Complaint.

You may also contact the Settlement Administrator by email at:  Contact@ CobraLawsuit.com, or by writing to Cobra Sexual Energy Litigation, c/o Classaura Class Action Administration, 1718 Peachtree St NW #1080, Atlanta, GA 30309.

**PLEASE DO NOT CALL OR DIRECT ANY INQUIRIES TO THE COURT.**

**This notice is given with the approval and at the direction of the Court.**

# EXHIBIT 4

*In re Cobra Sexual Energy Sales Practices Litig.*

# SETTLEMENT CLAIM FORM

### INSTRUCTIONS

To be eligible to receive a payment from the settlement fund in the above-captioned action, you must file a Claim Form as described below.

1. Please review the Notice of Class Action Settlement (the "Notice"). A copy of the Notice is available at CobraLawsuit.com**.**

2. Accurately complete and sign the Claim Form. The easiest way is to do it online at CobraLawsuit.com, but you can also print and mail this form.

3. By signing and submitting this Claim Form, you certify that you are a resident of California who purchased Cobra Sexual Energy between August 14, 2009 and December 31, 2020, in California, for your personal and household use, and not for resale or distribution.

4. You further certify that you have not filed a Request for Exclusion and that you are not excluded from the class by virtue of being (1) a judicial officer presiding over the action, (2) a current or former officer, director, or employee of Nutraceutical Corporation or any of its subsidiaries, parent companies, successors, or predecessors, or (3) a legal representative, successor, or assign of any such excluded person.

5. To receive a cash payment, you must complete and submit a completed form online at **CobraLawsuit.com**. or mail the completed and signed Claim Form by U.S. Mail, postmarked no later than January 23, 2021 to:

> Cobra Sexual Energy Litigation
> c/o Classaura Class Action Administration
> 1718 Peachtree St #1080
> Atlanta, Georgia 30309

6. Your failure to complete and submit the Claim Form online or postmarked mail by January 23, 2021 may preclude you from receiving any payment in this Settlement.

*In re Cobra Sexual Energy Sales Practices Litig.*

**Your Name:** _____

**Your Full Mailing Address, Including Zip Code:**

_____

_____

**Your Phone Number:** _____

**Your Email Address:** _____

**Are you a California resident who purchased**, between August 14, 2009 and December 31, 2020, Cobra Sexual Energy for personal or household use and not for resale or distribution?

          _____YES                     _____NO

If you have receipt or order confirmation from your purchase of Cobra, please attach it. Receipts are not required to make claims, but your payment will be higher if you attach your receipts.

I hereby certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Signature: _____      Date: _____