UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE COBRA SEXUAL ENERGY SALES PRACTICES LITIGATION | Case No. 2:13-cv-05942-AB-Ex<br><br>[P̶r̶o̶p̶o̶s̶e̶d̶] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT<br><br>Judge: The Honorable André Birotte, Jr.<br>Date: November 6, 2020<br>Time: 10:00 a.m.<br>Location: Courtroom 7B |

Plaintiff Troy Lambert, individually and on behalf of the Class defined below, moves for preliminary approval of the class action settlement negotiated with the defendant in this action. Now, having considered the record and the requirements of law, this Court orders that the Motion for Preliminary Approval is **GRANTED** as set forth below. The settlement is **PRELIMINARILY APPROVED**. The Court further preliminarily finds and orders as follows:

1. The Court finds that the Settlement Agreement is the product of arms-length negotiation conducted by experienced legal counsel after extensive discovery and settlement negotiations. The Settlement Agreement is not the result of collusion.

2. The Court finds that the proceedings that occurred before the Parties reached the Settlement Agreement gave counsel and the Parties an opportunity to adequately assess the strengths and weaknesses of their respective positions in this case, and, therefore, to structure the settlement in a way that adequately accounts for those strengths and weaknesses.

3. The Court finds that, subject to the Final Approval hearing, the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The Court further finds that the settlement falls well within the range of reason and has no obvious deficiencies.

4. Because the settlement meets the standards for preliminary approval, the Court preliminarily approves all terms of the settlement, including the Settlement Agreement and all of its exhibits.

5. The Court previously found that all requirements of Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(b)(2) have been satisfied. *Lambert v. Nutraceutical Corp.*, 2020 U.S. Dist. LEXIS 6391 (C.D. Cal. Jan. 8, 2020). The Court finds that all requirements of Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(b)(2) have been satisfied with respect to the Settlement Class, which is the same class that the Court certified, except that it now has a definite end date of December 31, 2020.

1

*In re Cobra Sexual Energy Sales Practices Litig.*, Case No. 2:13-cv-13-05942-AB-Ex
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

6. The Settlement Class is defined as follows:

All individuals who purchased Cobra Sexual Energy for personal or household use and not for resale or distribution from August 14, 2009 to December 31, 2020. Excluded from the class are officers and directors of Nutraceutical and any judicial officer hearing the case.

7. The Court has reviewed the content of the Parties' proposed notice plan, the long-form and short-form notices, and the claim form and finds that they satisfy the requirements of F.R.C.P 23(c)(2), (e)(1), and the Due Process Clause of the U.S. Constitution. Accordingly, the Court approves the notices and the claim form.

8. The Court further approves the methods for giving notice of the settlement to the members of the Settlement Class, as reflected in the Settlement Agreement and Plaintiff's Motion for Preliminary Approval, and the supporting Declaration of Gajan Retnasaba of Classaura, LLC. In addition to the Notices, the Court has also reviewed the notice procedures and finds that the members of the Settlement Class will, thereby, receive the best notice practicable under the circumstances. The Court also approves payment of the costs of notice as provided for in the Settlement Agreement. The Court finds that the notice procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances as required by Rule 23.

9. The Court further approves the appointment of Classaura LLC to administer and oversee, among other things, the processing, handling, reviewing, and approving of claims made by claimants; communicating with claimants; and distributing payments to authorized claimants whose claim forms have been accepted and validated.

10. The Court directs that, pursuant to Federal Rule of Civil Procedure 23(e)(2), a hearing will be held on February 19, 2021, at 10:00 a.m. to consider final approval of the settlement ("Fairness Hearing") including, but not limited to, the following issues: (1) the fairness, reasonableness, and adequacy of the settlement; (2) Class Counsel's application for an award of fees and costs; and (3) approval of an incentive award to the Class Representative. Any member of the Settlement Class wishing to object (an "Objector") to

2

*In re Cobra Sexual Energy Sales Practices Litig.*, Case No. 2:13-cv-13-05942-AB-Ex
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

the proposed settlement and/or be heard at the Final Approval Hearing shall comply with the following procedures:

  a. To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Court, with a copy delivered to Class Counsel and Defendant's Counsel at the addresses set forth below:

 Gregory S. Weston
 **THE WESTON FIRM**
 1405 Morena Blvd., Suite 201
 San Diego, CA 92110
 Email: *greg@westonfirm.com*

 Ronald A. Marron
 **LAW OFFICES OF RONALD A. MARRON**
 651 Arroyo Drive
 San Diego, CA 92103
 Email: *ron@consumersadvocates.com*

 <u>**Class Counsel**</u>

 John C. Hueston
 Steven Feldman
 **HUESTON HENNIGAN LLP**
 523 West 6th Street, Suite 400
 Los Angeles, CA 90014
 Email: *jhueston@hueston.com*

 <u>**Counsel for Defendant**</u>

  b. A written objection filed with the Court regarding or related to the settlement shall contain all of the following information: (a) a reference, to the name of number of the lawsuit, which is *In re Cobra Sexual Energy Sales Practices Litig.*, No. 2:13-cv-13-05942-AB-Ex; (b) the objector's legal name, residential address, telephone number, and email address (and the objector's lawyer's name, business address, telephone number and email address if objecting through counsel); (c) a statement describing the objector's membership in the settlement class, including a verification under oath as to the time and

3

*In re Cobra Sexual Energy Sales Practices Litig.*, Case No. 2:13-cv-13-05942-AB-Ex
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

place of the objector's purchase, and name of the retailer from whom he or she purchased Cobra; (d) a written statement of all grounds for the objection, accompanied by any legal support for such objection; (e) copies of any papers, briefs, or other documents upon which the objection is based; (f) a statement indicating whether the objector intends to appear at the final approval hearing, and if objecting through counsel, a statement providing the identity of all attorneys who will appear at the final approval hearing on the objector's behalf; (g) a list of any other objections the objector and the objector's counsel have made in the prior two years; and (h) the objector's signature.

    c.    Any member of the Settlement Class who files and serves a timely written objection in accordance with this order may also appear at the Fairness Hearing, either pro se or through an attorney hired at the objector's expense, to object to the fairness, reasonableness, or adequacy of the proposed settlement.

11. Members of the Settlement Class who elect not to participate in the settlement (i.e., "opt-out") must submit a written Request for Exclusion that is postmarked no later than January 23, 2021.

12. The deadlines for key events are as follows:

| EVENT | DEADLINE |
|---|---|
| Motion for Final Approval of Settlement | January 15, 2021 |
| Fee, Expense, and Incentive Award Application | January 15, 2021 |
| Deadline to submit online claims or postmark mail claims | January 23, 2021 |
| Deadline to opt-out or object | January 23, 2021 |
| Response to Objections | February 12, 2021 |
| Fairness Hearing | February 19, 2021 |

13. In the event the settlement does not become effective for any reason, the Parties shall be restored to their respective pre-settlement positions in the action.

4

*In re Cobra Sexual Energy Sales Practices Litig.*, Case No. 2:13-cv-13-05942-AB-Ex
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

14.     Upon final approval of the Settlement, all Class Members who do not timely and validly exclude themselves from the Class shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Settlement Agreement against any of the Released Parties, and any such Class Member shall be deemed to have forever released any and all such matters, claims, and causes of action against any of the Released Parties as provided for in the Agreement.

15.     The Court shall retain continuing jurisdiction over the Parties and the implementation and enforcement of the terms of the Settlement Agreement, and to assure that all payments and other actions required of any of the Parties by the Settlement Agreement are properly made or taken.

**IT IS SO ORDERED.**

Dated:  November 09, 2020

_____
The Honorable André Birotte Jr.
United States District Court Judge

5

*In re Cobra Sexual Energy Sales Practices Litig.*, Case No. 2:13-cv-13-05942-AB-Ex
ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT